## Town of Charlotte v. Nanette Richter and Arlene Coe, d.b.a. Alpenview Trailer Park

[262 A.2d 444]

No. 83-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed January 2, 1970

*Latham & Eastman,* Burlington, for Plaintiff.

*Hanford G. Davis,* Brandon, for Defendants.

**Per Curiam.** This is an appeal by landowners from an order of the court of chancery which permanently enjoined them from using their property in the town of Charlotte as a trailer park—"unless and until such use is duly approved under the provisions of the Charlotte Zoning Ordinance." After the evidence was closed, but before the issues were determined by findings of fact, the defendants requested permission to reopen the case to afford them an opportunity to present certain records of the town of Charlotte. The purpose of the offer was to establish that the Charlotte Zoning Ordinance is null and void. The defendants sought to prove that the ordinance was not enacted within the requirements of the zoning enabling act, as defined in Chapter 67, Title 24 of the Vermont Statutes Annotated, in effect at the time in question.

The court ruled on the motion as a matter of law since the order states that upon hearing, counsel for both parties "agreed to waive any rights to have said motion ruled upon as a matter of discretion, and said motion is accordingly *denied* upon the ground that the matters of fact therein alleged, relating to the manner of adoption of the Zoning Ordinance of the Town of Charlotte, would not, even if proven, operate to defeat the validity, force and effect of said ordinance."

The defendants' motion sets forth (1) that the zoning commission was not appointed as provided in 24 V.S.A. § 3002, (2) that the selectmen failed to give the required fifteen days' notice of the preliminary hearings required by 24 V.S.A. § 3004 and (3) that the selectmen accepted and approved the plan submitted by the zoning commission on May 12, 1966, prior to the second public meeting, contrary to 24 V.S.A. § 3004(a) which regulated such proceedings in 1966.

In substance, the lower court ruled that failure to comply with the provisions of Chapter 67 of Title 24 does not influence the legal force and effect of the zoning ordinance. The conclusion of law, stated in the order denying the motion, is incorrect. The delegation of power by the Legislature to municipalities to enact zoning regulations is conditioned upon substantial compliance with procedural requirements imposed in the enabling act. *Thompson* v. *Smith*, 119 Vt. 488, 500, 129 A.2d 638. See also *State* v. *Noyes*, 107 Vt. 441, 446, 180 A. 893.

There is a presumption the ordinance is valid. The defendants' motion seeks to rebut that presumption. At that point the chancellor could not resolve the question of whether the defendants have violated the zoning ordinance until he first determined the ordinance itself was validly enacted. Facts sufficient to establish substantial compliance with the zoning enabling act are essential to the decree. Since we cannot supply these facts from the record on appeal, the cause must be remanded to settle the issues raised by the defendants' motion.

*Decree reversed, order denying defendants' motion to reopen the evidence is vacated and cause remanded for further proceedings and additional findings on the issues of fact, relat-*

*ing to the manner of the adoption of the zoning ordinance of the town of Charlotte.*