**Town of Milton, by and through Vincent Yusitis, Zoning Administrator v. Wilfred LeClaire, et al.**

[282 A.2d 834]

No. 70-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 1, 1971

Motion for Reargument Denied October 28, 1971

*Latham, Eastman & Tetzlaff,* Burlington, for Plaintiffs.

*John A. Burgess,* Montpelier, for Defendants.

**Smith, J.** This is an action brought by Vincent Yusitis, Zoning Administrator of the Town of Milton, against Wilfred LeClaire in the Chittenden County Court of Chancery to compel the removal of a mobile home, placed upon the premises of LeClaire, in claimed violation of the Milton Protective Zoning Ordinance. The principal question presented is that of the validity of the Zoning Ordinance of the Town of Milton. The case was partially heard on July 27, 1967, with a continued hearing on May 22, 1968, at which time the hearing on the merits was complete. The Chancellor made findings of fact on March 10, 1969, and entered his order declaring that the placing of the mobile home or trailer on the LeClaire property was in violation of the Milton Zoning Ordinance, and directing removal of such structure from the LeClaire premises. An appeal to this Court was duly taken by the defendants.

The first contention briefed by the defendant is that the Zoning Ordinance of the Town of Milton was adopted in contravention of statutory requirements relating to notice and is therefore invalid.

In 1966, and up to and including the time in 1967 when the voters of Milton voted on the question of adopting a Zoning Ordinance, 24 V.S.A. § 3004, subsections (b) and (c) and (d), since repealed, were in full force and effect.

"§ 3004. Adoption of the plan.

(a) . . . . . . . . . .

(b) When satisfied that the plan as submitted by the zoning commission or as amended by the legislative body will most effectively promote the health, safety and general welfare of the municipality, the legislative body shall approve such plan and publish it or mail it to each voter on the check list of the municipality at . . . ."

In 24 V.S.A. § 3004 (b) the Legislature gave two methods to the legislative body of a town to properly inform the voters

of the municipality of the plan for zoning upon which they would cast their ballots for approval or disapproval of the plan at a duly warned meeting. One such choice was to mail to each voter on the check list a copy of the plan. The other was to publish such plan in a newspaper. The selectmen of the Town of Milton decided to adopt both methods. Publication of the plan was made in the Burlington Free Press, and copies of the plan were posted in three different public buildings in Milton.

■ But the selectmen also mailed copies of the plan to each voter of the town, although the appellant claims that this method of notification was not properly done because copies of the plan were mailed to "Mr. and Mrs." in the case of married couples who were both voters in the town. It is the contention of the appellant that this method of notice could be complied with only by a separate mailing to each voter on the list.

"In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature, and, if it can be fairly done, a statute must be construed to accomplish the purpose for which it was intended, and should not be construed so strictly as to defeat its purpose." *Abbadessa* v. *Tegu,* 121 Vt. 496, 498, 160 A.2d 876 (1960).

■ The statute does not make the specific requirement that an individual mailing must be made to each voter on the check list. All that is required is that each voter shall receive a mailing of the plan. It can hardly be said that a mailing addressed to "Mr. and Mrs." is not equally directed to each of the addressees, and directs the attention of each of the couple to the letter or plan enclosed. The legislative intent, expressed in former 24 V.S.A. § 3004(c) was to give each voter in a municipality the opportunity to study the proposed zoning plan before voting on it. For this Court to hold that a letter addressed to both a husband and wife did not serve to give each of these two voters an opportunity to inspect the zoning plan, would be an overzealous strict construction of the statute which could lead to absurdity.

However, a more serious question is presented by the contention of the appellant that the warning of the meeting to vote on the zoning ordinance was defective, and that the resulting vote was consequently void. Appellant refers us to the third section of former 24 V.S.A. § 3004(c) and we again quote:

"The warning of such meeting, and the ballot shall refer to the plan by title only, giving date of approval by the legislative body, date and newspaper, if any, in which published and stating where within the municipality a copy of the plan is posted."

The evidence is not disputed that the text of the warning for the town meeting to vote on the adoption of the zoning ordinance did not contain the title of the plan, the date of approval of the plan by the Board of Selectmen of Milton, the legislative body of such municipality, nor a notification to the voters where a copy of such plan was posted in the municipality, as required by statute.

Admitting these defects in the warning, the appellee contends that such irregularities were not substantial enough to overturn the entire ordinance in the absence of any prejudice shown to the appellant. Further, appellee claims, a later town meeting, brought upon a petition of voters to rescind the ordinance, failed of adoption, and resulted in approval of the ordinance previously passed. Such subsequent negative vote on the repeal proposal cured any defect. Because zoning ordinances are in derogation of common-law property rights, we have held that they must be strictly construed. *In Re Willey*, 120 Vt. 359, 365, 140 A.2d 11 (1958).

The Selectmen of the Town chose to use the publication method of notifying the voters of the plan as well and also by posting copies of the proposed ordinance in the town. Having done so, the statute made mandatory that the warning contain a notification to the voters where a copy of the plan was posted. No dispute exists but that the title of the ordinance was not set forth in the warning, although such title can be found in the ordinance, namely, the Milton Protective Zoning Ordinance. Also, lacking in the warning was the date of the approval of the proposed plan by the Board of Selectmen.

The only question presented to the voters of the town by the warning was "Will the town adopt zoning." This is quite different than presenting the question of whether the Town of Milton would adopt the zoning plan and ordinance approved by the Selectmen "giving date of approval by the legislative body, date and newspaper, if any, in which published and stating where within the municipality a copy of the plan is posted," as required by the statute. Under the warning presented the voters could be misled. They might be in favor of having the town subjected to zoning, but that might not mean that they were in favor of the plan which the Selectmen had previously adopted.

Admittedly, the omissions in the warning are of a procedural nature. But this Court recently stated in *Corcoran* v. *Village of Bennington*, 128 Vt. 482, 266 A.2d 457, 465 (1970), that strict compliance with the required procedures is the rule if a municipality is to have the right to exercise zoning authority. In the case of *Town of Charlotte* v. *Richter, et al.*, 128 Vt. 270, 262 A.2d 444, 445 (1970), we said:

> "The delegation of power by the legislature to municipalities to enact zoning regulations is conditioned upon substantial compliance with procedural requirements imposed in the enabling act."

In the earlier case of *Thompson* v. *Smith*, 119 Vt. 488, 500, 129 A.2d 638 (1957), we said:

> "Thus, the State has decreed that the imposition of zoning regulations shall be accomplished:
>
> 1. When the selectmen are authorized by the voters to propose regulations in accordance with the comprehensive plan,
>
> 2. the selectmen have prepared and adopted such a plan pursuant to the statutory procedure required, and
>
> 3. upon proper warning the regulations designed to execute the plan are approved by the legal voters of the town at town meeting."

What is lacking to make the zoning ordinance before us become one in "force and effect" is the lack of a proper warning. The later town meeting held for the purpose of voting on

a rescinding of the ordinance, which recission was defeated, was not a meeting to correct any defects which existed in the ordinance as first affirmed by the voters, but only as to whether such ordinance, defective or not, should be retained.

We must necessarily conclude that No. 9 of the findings of fact made by the Chancellor below, "That the Milton Zoning Ordinance is in full force and effect . . . ." is in error, and the Decree must be reversed.

Because of the result reached in this case, it is unnecessary for us to consider the other grounds raised by the appellant in his brief.

*Decree reversed and cause remanded for purposes of assessing damages pursuant to terms of injunction bond. and 12 V.S.A. § 4447.*