### Kenneth V. and Virginia R. Fisher v. Town of Marlboro, et al.

[310 A.2d 119]

No. 167-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

Motion for Reargument Denied December 6, 1973

*Kenneth V. Fisher, Jr., Esq.*, Brattleboro, for Plaintiff.

*Kristensen, Cummings & Price*, Brattleboro, for Defendant.

**Barney, J.** The plaintiff in this case sought declaratory relief in connection with the zoning requirements of the Town of Marlboro. The lower court granted the hearing, made findings of fact, and issued a judgment order denying relief. We must affirm the result.

The proceedings below dealt with the substantive questions raised in the petition. The plaintiff based his application for declaratory relief on the doctrines expressed in *Flanders Lumber Supply* v. *Town of Milton*, 128 Vt. 38, 44, 258 A.2d 804 (1969). That opinion stated that judicial economy can justify the resort to declaratory judgment proceedings even before resort to administrative remedies.

Since the decision in that case, and before the institution of this one, the legislature has seen fit to change and restrict appellate review in zoning cases. 24 V.S.A. § 4472; *Appeal of Rhodes*, 131 Vt. 308, 305 A.2d 591 (1973). The present statutory directive limits the remedy of any interested person with respect to any by-law (which, under 24 V.S.A. § 4401(b)(1), includes zoning regulations) to the appeal to the board of adjustment under 24 V.S.A. § 4464 and the appeal from there to the county court under § 4471.

The remedy of declaratory judgment derives from the enactment of the Uniform Declaratory Judgments Act, and is a legislative extension of the power of the courts to grant relief. *Murray* v. *Cartmell's Exr.*, 118 Vt. 178, 180, 102 A.2d 853 (1954). The positive language of 24 V.S.A. § 4472, as a subsequent enactment, can only be viewed as a restrictive amendment to the right of a party to avail himself of the remedy of declaratory judgment. However liberal the construction, however strong the demand to carry out the remedial purposes of the act, the restriction placed on the legal relief available in zoning cases must be observed. Solely on

this basis must the judgment in favor of the defendant be affirmed as a dismissal of this action.

*Judgment affirmed.*