# Kenneth V. Fisher, Jr., and Virginia R. Fisher v. Town of Marlboro

[323 A.2d 577]

No. 214-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed July 26, 1974

*Kenneth V. Fisher, Jr., Esq.*, Brattleboro, for Plaintiffs.

*Kristensen, Cummings & Price*, Brattleboro, for Defendant.

**Per Curiam.** This is a zoning matter. It has had an unfortunate procedural history, with changes in the law interjecting themselves. The matter started before the local zoning administrator. This official determined that the plaintiffs' application constituted a subdivision proposal, and the application was therefore referred to the planning commission. Such an application required further documentation, surveys and plans. Rather than pursue this route, plaintiffs abandoned proceedings before the planning commission and entered a declaratory judgment action before the then county court.

In that proceeding, after hearing, findings were made, and the county court determined that the Marlboro zoning regulations were not unconstitutional. The plaintiffs' appeal to this Court resulted in dismissal, since the then provisions of 24 V.S.A. § 4472 barred such an action in such cases. *In re Appeal of Rhodes*, 131 Vt. 308, 305 A.2d 591 (1973); *Fisher v. Town of Marlboro*, 131 Vt. 534, 310 A.2d 119 (1973). The road to this Court then remaining was by way of a petition for extraordinary relief, insofar as it was available. *Rhodes v. Town of Woodstock*, 132 Vt. 323, 318 A.2d 170 (1974). This route was taken, and the petition presented for action by this Court.

The plaintiffs' qualifications for extraordinary relief are seriously compromised by their failure to fully follow the appellate course provided by statute. *Sowles* v. *Bailey,* 69 Vt. 277, 289, 37 A. 751 (1897). However, both sides argue the desirability and judicial economy of reviewing the matter as presented, rather than requiring further proceedings.

The Legislature has given their arguments added cogency, as reflected in the supplemental brief filed for this term. This brief points out that the amendment to 24 V.S.A. § 4472 makes the trial in the Superior (then County) Court a proceeding *de novo,* with the right of appeal to this Court as a matter of course. On constitutional issues, the necessity for a hearing before the zoning board of adjustment prior to the *de novo* trial in the Superior Court is dispensed with. This is pointed to as justification for going ahead with a decision on the issues the parties want to have decided.

It is axiomatic that a court cannot undertake to decide any issues of law, other than its own jurisdiction, without having been given the necessary authority to deal with the particular controversy. In the ordinary situation, the right to invoke this Court's discretionary power in connection with extraordinary relief would run afoul of the plaintiffs' failure to exhaust the appeal procedures provided by the statute, as mentioned above. *Sowles* v. *Bailey, supra.* In the present situation, however, any exercise of discretion which might possibly be justifiable, even in such a situation, is directly prohibited by the following provisions of 24 V.S.A. § 4472(d), *formerly* 24 V.S.A. § 4472(b):

> Upon the failure of any interested person to appeal to a board of adjustment under section 4464 of this title, or to appeal to a county court under section 4471 of this title, all interested persons affected shall be bound by such decision or act of such officer, such provisions, or such decisions of the board, as the case may be, and shall not thereafter contest, either directly or indirectly, such decision or act, such provision, or such decision of the board in any proceeding, including, without limitation, any proceeding brought to enforce this chapter.

This barrier to challenging an unappealed ruling was in the old statute and carried forward to the amended version. It

clearly states a legislative policy to deny extraordinary relief, and other collateral remedies, to parties in the position of these plaintiffs seeking the relief asked for here.

*The petition for extraordinary relief under V.R.A.P. 21 is denied.*