**James G. and Philip J. Galanes v. Town of Brattleboro**

[388 A.2d 406]

No. 94-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

236

*Crispe & Crispe,* and *Alan G. Thompson* (On the Brief), Brattleboro, for Plaintiffs.

*John S. Burgess,* Brattleboro, for Defendant.

**Barney, C.J.** This matter involves zoning in the Town of Brattleboro. It began as a complaint dated December 21, 1973, lodged in the Windham Superior Court attacking, in a declaratory judgment action, the rezoning of an area in the town that affected plaintiffs' property. The trial court, upon a finding that the plaintiffs had not applied for a variance, continued the matter for that purpose. It should be noted that the complaint was filed twenty-one days prior to the effective date of the amended ordinance.

The plaintiffs did apply to the Brattleboro zoning board of adjustment and were denied a variance. Their next step was to report this denial back to the Windham Superior Court. There admittedly was no appeal taken as provided by

24 V.S.A. § 4471, which would entitle the plaintiffs to a trial de novo on the variance issue. Under the rule of *Fisher* v. *Town of Marlboro,* 132 Vt. 533, 323 A.2d 577 (1974), this failure would bar any alternative remedy.

However, effective in April, 1974, and applicable to pending cases by its terms, 24 V.S.A. § 4472 was amended. The remedy under that statute is defined in § 4472(b):

> The remedy of an interested person with respect to the constitutionality of any one or more of the provisions of any bylaw or development plan shall be governed by the Vermont rules of civil procedure with a de novo trial in the superior court. In such cases hearings before the zoning board of adjustment shall not be required.

Thus, in spite of the defendant's contention that a review of the board's action in the variance fails for lack of a proper appeal, any constitutional issues properly raised and preserved for review are here for review. But, unless the action of the zoning board in 1973 violated a constitutional right of the plaintiffs put forward in the proceedings, the amendments cannot now be attacked in this litigation.

The plaintiffs have claimed that the ordinance under attack was unconstitutional as it applied to their land. The basis for their complaint, insofar as it relates to a constitutional challenge, is that the amendment to the Brattleboro zoning law which triggered this action amounted to a confiscation of the plaintiffs' property without due process of law and a denial of the equal protection of the laws.

The basis of their complaint relates to an amendment of the Brattleboro zoning ordinances in 1973. The town has had zoning since 1948, and the area was designated "Roadside Commercial" since that time. The zone in question consisted of a strip of land 200 feet deep along either side of Western Avenue for 1,000 feet, in the vicinity of Greenleaf Street. This zone is entirely surrounded by residential area.

"Roadside Commercial," under the old ordinance, would allow the construction of a self-service gasoline station in the zone, as well as uses such as roadside stand, bowling alley, recreational facilities, restaurant, diner, tourist home, motel, inn, automobile sales agency, retail business and similar uses.

The plaintiffs bought the property involved, consisting of two residences, in 1970 and 1971. Part of the property was in a residential zone and the remainder within this "Roadside Commercial" zone. The property was to be used for a self-service gasoline station.

In 1973, Brattleboro amended its zoning ordinance. In so doing, this "Roadside Commercial" zone was redesignated "Neighborhood Business." That classification included as business establishments only limited retail trade serving the daily needs of the residents in the immediate neighborhood. Operation of a gasoline service station is prohibited. There is a provision that allows the granting of conditional use permits for certain retail outlets, in the discretion of the zoning board of adjustment.

At the time of the zoning change the businesses in the concerned area included a state liquor store, a roofing company, a gasoline station, a plumbing operation, a wine and cheese shop, a lawnmower business, and a restaurant which has since become a real estate agency office. None of these businesses, except possibly the real estate office would be permitted in the "Neighborhood Business" zone if they were not already there. There also was a parcel specially exempted by the ordinance for the construction of a bank.

The trial court, in holding the ordinance as not properly applicable to these plaintiffs, determined that the selectmen did not carry out the directives of 24 V.S.A. § 4302(b). In particular the court concluded that the selectmen did not "adequately consider the peculiar suitability of plaintiffs' lands in relationship to the surrounding area, particularly in view of the various commercial enterprises along Western Avenue in that area, and the substantial reduction in value of the subject property as a direct result of the change." Additionally, the court found that there was no basis for saying that the change in any way benefits the public health, safety, morals and welfare; nor was it established that the reclassification conserves the value of buildings.

In its conclusions the trial court also refers to the previously existing businesses and the small size of the zone. Based on those considerations and the selectmen's previously noted failure to adequately consider the peculiar uses for the prop-

erty, the court concluded that the zoning change constituted spot zoning and was, as applied to plaintiffs' property, unreasonable and void.

Taking up the spot zoning conclusion first, we look to supporting findings to validate it. But before doing so, a brief discussion of spot zoning and the reasons for its usual condemnation may be helpful.

■ The phrase "spot zoning" has become almost an epithet in zoning law. To merit that opprobrium, this sort of zoning should single out a small parcel or perhaps even a single lot for a use classification different from the surrounding area and inconsistent with any comprehensive plan, for the benefit of the owner of such property. *Jones* v. *Zoning Board of Adjustment*, 32 N.J. Super. 397, 404, 108 A.2d 498 (1954). A similar condemnation falls upon attempts by surrounding land owners to get such a parcel reclassified to avoid a use permitted by existing law. 1 R. Anderson, American Law of Zoning, § 5.05, at 244 (1968).

The findings and conclusions refer to the small size of the parcel. However, the rezoning did not change the size of the parcel, which has been in existence for thirty years. The size of the parcel is not properly at issue in this proceeding since it does not result from this rezoning. That is not to say that rezoning of a pre-existing small area could never be condemnable as spot zoning if the purpose of the rezoning was to give a private benefit and depart from the comprehensive plan. We will have occasion to comment on this further in the opinion.

The issue is raised that this zoning change penalizes the plaintiffs by making land less valuable. The lower court found that the value fell from $50,000 while zoned "Roadside Commercial" to about $15,000 under a "Neighborhood Business" designation.

24 V.S.A. § 4302(b) lists, as some of the elements to be taken into account in the preparation of plans and regulations under the Vermont Planning and Development Act, reasonable consideration for the landowner, consideration of the needs and trends of the municipality and the character of each area and its particular suitability for particular uses in relationship to surrounding areas. The lower court concluded that

the board of selectmen did not adequately consider the factor of the suitability of the plaintiffs' land for particular uses in relationship to the surrounding area, having in mind the existing commercial enterprises already present in the Western Avenue area. The court also felt that the reduction in value was not sufficiently regarded.

It has been settled law at least since *Village of Euclid* v. *Ambler Realty Co.,* 272 U.S. 365 (1926) that the exercise of the police power to institute zoning is constitutional without compensating the affected properties for loss in value. This is all conditioned on there remaining in the owner some practical use of his land, and the existence of a public good or benefit of sufficient magnitude to justify the burdening of the affected property. *Nectow* v. *City of Cambridge,* 277 U.S. 183 (1928).

Thus, the principal issues raised in this appeal have already had extensive discussion in case law, as well as being encompassed in statutory language. We start with the proposition that zoning enactments are entitled to the presumption of validity. *Town of Charlotte* v. *Richter,* 128 Vt. 270, 271, 262 A.2d 444 (1970). Against this is the rule requiring strict municipal compliance with the statutory mandates, based on the concept that zoning law is in derogation of private property rights. *Town of Milton* v. *LeClaire,* 129 Vt. 495, 499, 282 A.2d 834 (1971).

Our cases, too, hold that the sanction behind zoning laws is the police power of the state, constitutionally exercised where it is reasonably related to public health, safety, morals or general welfare. *City of Rutland* v. *Keiffer,* 124 Vt. 357, 359, 205 A.2d 400 (1964). The issue of declining value or investment loss due to zoning regulation was noted and found no barrier to regulation in *Town of Mendon* v. *Ezzo,* 129 Vt. 351, 361, 278 A.2d 726 (1971).

It is evident that the key constitutional concern is that the zoning authority be exercised in a manner consistent with the proper limits of the police power. This power requires reference to the public health, safety, morals, or general welfare as mentioned in *City of Rutland* v. *Keiffer, supra,* 124 Vt.

357, 359, 205 A.2d 400 (1964). A broader version of the same substantive requirements appears in the statute stating the purpose of the Vermont Planning and Development Act, 24 V.S.A. § 4302(a).

The specific criticisms of the trial court are all directed at what it took to be deficiencies in the fulfilling of the necessary statutory standards. As already noted, one of the conclusions accompanying the findings states that there is no basis to say that the change in any way benefits the public health, safety, morals, and welfare. Of course, it is not necessary that all of those concerns be benefitted, but only that one or more be implemented to the general public good.

Looking at the findings, three things immediately appear: (1) the zone is an island in a residential area; (2) the rezoning narrowed the available business uses; and (3) among the purposes put forth at the hearings and meetings were preservation of the neighborhood character of the area and prevention of commercial development as had occurred along Putney Road.

Protection of the residential character of other parts of Western Avenue in Brattleboro has been undertaken in the courts previously. In *DeWitt* v. *Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 262 A.2d 472 (1970), this Court pointed out, at page 319 and again at 323, that it is a valid purpose under the police power to secure reasonable neighborhood uniformity and to exclude structures and occupations which clash therewith. It is proper and appropriate to do all that can be done to reduce nonconformity to as near conformity as may be as quickly as possible by preventing increases in nonconformity and, eventually, to end the nonconforming use.

In the face of this policy the trial court's view of an action tending to prevent expansion of nonresidential use and limit commercial use as contrary to the public good cannot be sustained. There is no constitutional shortcoming in the reclassification of the zone.

If it was the trial court's view that the rezoning was improper because it amounted to reverse spot zoning for the private benefit of the present commercial enterprises on Western Avenue, the factual findings simply do not support it.

The requirement that the ordinance be viewed as valid, absent contrary facts, requires an opposite view. *Town of Charlotte* v. *Richter, supra,* 128 Vt. 270, 271, 262 A.2d 444 (1970). The judgment must be reversed and, as we said in *Brassard Brothers, Inc.* v. *Barre Town Zoning Board of Adjustment,* 128 Vt. 416, 421, 264 A.2d 814 (1970), we are not persuaded that a remand for further proceedings or findings would supply the ingredients necessary to support the result below. Therefore, we will enter final judgment here.

*Order of the Windham Superior Court invalidating the Brattleboro zoning amendment as to approximately three-quarters of an acre of land at the southwestern corner of Western Avenue and Greenleaf Street owned by the plaintiffs is reversed and the said land declared subject to the zoning classification of neighborhood business district of the Brattleboro zoning ordinance as adopted November 27, 1973.*