**Lynn H. Walker, Charles Erdman, and Sylvia Maresi,
et al. v. Town of Dorset, et al.**

[424 A.2d 1078]

No. 407-79

Present: **Daley, Larrow, Billings and Hill, JJ., and Smith, J.
(Ret.), Specially Assigned**

Opinion Filed January 15, 1981

*Evans, O'Neil, Meachem & Chamberlain, Ltd.*, Manchester Center, for Plaintiffs.

*Arthur J. O'Dea, P.C.*, Manchester Center, for Defendants.

**Daley, J.** This appeal arises from an attempted enlargement

of the East Dorset Fire District. The unchallenged findings of fact may be summarized as follows. On November 4, 1976, an application was submitted to the Board of Selectmen, Town of Dorset, pursuant to 20 V.S.A. § 2481, requesting an extension of the East Dorset Fire District. As originally submitted, the petition bore the signatures of thirty-nine persons, all of whom were identified as freeholders and legal residents of the Town of Dorset. Of these thirty-nine persons, nineteen resided within the then existing geographical limits of the East Dorset Fire District. The remaining twenty persons resided within the area sought to be annexed. On November 11, 1976, two of these twenty original signatories requested, in writing, that their names be removed, as they no longer supported the proposed expansion. A public hearing on the application was held by the Board on December 15, 1976, and it was approved by the Board on May 9, 1977. On April 18, 1978, at a special meeting of the East Dorset Fire District, the expansion was approved by majority vote.

Plaintiffs, residents of the area sought to be annexed, brought an action in the superior court to have the petition declared defective and the proceedings thereunder void. The trial court, based upon the evidence before it, made findings of fact and conclusions of law dismissing the complaint. Plaintiffs appeal.

The court recognized that the validity of an application to change the geographical limits of an existing fire district is governed by 20 V.S.A. § 2481. It noted that the initial establishment of a fire district requires the signatures of twenty resident freeholders of the proposed district. In construing the words "similar application," it held that the signatures in support of a petition to expand an existing fire district need not be limited to resident freeholders of the area sought to be annexed. It held that the signatures could be those of any twenty resident freeholders of the proposed, enlarged district. It therefore concluded that the petition was valid within the meaning of the statute. In view of this holding, the trial court found it unnecessary to address the issue of the retraction of the two signatures.

On appeal, plaintiffs challenge the trial court's construction of the statute, claiming that when an extension of an

already existing fire district is sought, the necessary signatures must come from the area sought to be annexed. We agree.

■ The inhabitants of a fire district in Vermont comprise a body corporate. 20 V.S.A. § 2482. A fire district within a town is therefore one governmental entity within another. The procedures for the original establishment of such a district vary as a function of its size. When the size of the envisioned district is to be coextensive with the existing limits of the town, the power of formation is vested in three-fourths of those present and voting at an annual or special town meeting. 20 V.S.A. § 2541. When the proposed district is to encompass less than the entire town, however, the legislature has delegated the power to establish such a district to the selectmen upon application of twenty or more resident freeholders. 20 V.S.A. § 2481. No town vote is required. Once established, the district is authorized to exercise the powers conferred upon it by 20 V.S.A. §§ 2601–2607. In aid of these powers, the district can elect officers, hold meetings and levy taxes. For some municipal purposes, the fire district is a separate governmental entity; for others, it is part of the town.

Once the boundaries of the fire district have been established, a different set of procedures must be followed when altering (as opposed to establishing) geographical limits. The selectmen may not change the limits of an existing fire district on their own initiative. Such action must be approved by the existing fire district. 20 V.S.A. § 2481. It is the construction of the last sentence of this section which is at the heart of this appeal. That provision reads as follows:

> The selectmen may change the limits of a fire district upon a similar application and in like manner subject to the approval by the fire district at the annual or a special meeting of the fire district duly warned.

■ In the context of the overall legislative scheme, the intent of the last sentence of § 2481 is clear. The expansion of an existing fire district can only be accomplished by application of twenty or more resident freeholders from the area sought to be annexed. If their application is approved by the

selectmen, it must still be submitted to the voters of the existing district for their approval. Only upon compliance with all three of the above requirements can the proposed expansion take place. This three-step process protects both the members of the existing fire district and, perhaps more importantly, those whose inclusion is sought by the expansion. In this way, town residents outside the existing district may not be forced to shoulder a tax burden for services which they may neither want nor receive.

> In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the Legislature. If it can be fairly done, a statute must be so construed as to accomplish the purpose for which it was intended and a construction leading to an absurd consequence must always be avoided if possible. (Citation omitted.)

*Anchor Hocking Glass Corp.* v. *Barber,* 118 Vt. 206, 218, 105 A.2d 271, 279 (1954). If we were to adopt the view of the appellees, members of an existing district could submit a petition and approve it against the wishes of the residents of the area sought to be annexed. Such a result, which would make the filing of a petition a purely academic exercise, was not intended by the legislature.

 Finally, we hold that the two signatories effectively withdrew their signatures from the petition, thereby reducing the number of qualified signatories to eighteen. The issue of the withdrawal of signatures from a petition is one which has not been directly addressed in this state. We hold that the withdrawal was clearly permissible on these facts, however, where no action whatsoever had been taken by the Board of Selectmen. Cf. *Denicore* v. *City of Burlington,* 116 Vt. 138, 70 A.2d 582 (1950) (where voters were allowed to rescind a vote for a bond issue where no action had yet been taken and where the rights of third parties had therefore not vested).

 The delegation of power by the legislature to municipalities is conditioned upon substantial compliance with procedural requirements imposed in the enabling act. *Town of Charlotte* v. *Richter,* 128 Vt. 270, 271, 262 A.2d 444, 445 (1970). Since the application was made by less than twenty

qualified persons, the requirement of substantial compliance has not been met. The actions of the selectmen and the vote of the fire district are therefore null and void.

*Reversed and remanded.*