STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
                                                        Docket No. 97-8-16 Vtec

| | |
|---|---|
| Donald Gould,<br>    Plaintiff<br><br>        v.<br><br>Town of Monkton<br>    Defendant | DECISION ON MOTION |

## Decision on Motion to Dismiss

Plaintiff Donald Gould (Mr. Gould) filed his Declaratory Judgment Complaint on August 29, 2016 asking this Court to issue a declaratory judgment that Defendant Town of Monkton's (Monkton or the Town) purported adoption of certain zoning documents is invalid and void *ab initio*. Defendant filed its motion to dismiss on October 28, 2016. Plaintiff filed a response on November 16, 2016.

Plaintiff is represented by the Shlansky Law Group, LLP, and Defendant is represented by Attorney James F. Carroll.

## Standard of Review

The Town moves to dismiss Mr. Gould's complaint for "failure to state a claim upon which relief can be granted" pursuant to V.R.C.P. 12(b)(6). We grant a 12(b)(6) motion "only if 'it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief.'" Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quoting Dernier v. Mortg. Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113). "We assume as true all facts as pleaded in the complaint, accept as true all reasonable inferences derived therefrom, and assume as false all contravening assertions in the defendant's pleadings." Id.

The motion to dismiss also raises the question of subject matter jurisdiction. Where a party challenges the court's subject matter jurisdiction we accept "all uncontroverted factual allegations of the complaint" as true, and construe those allegations in the "light most favorable

1

to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)).

## Background

The history of this case is set out in some detail in Gould v. Town of Monkton, 2016 VT 84 (July 29, 2016). We summarize that history here.

The Town of Monkton planned for several years to adopt new zoning regulations in the form of a Unified Planning Document (UPD). The Town selectboard held hearings on the UPD in 2011 and 2012, and town residents approved the UPD at a special vote on February 23, 2012.

On January 23, 2013[1], Mr. Gould sent a letter to the Monkton selectboard alleging that the process being carried out by the Town to introduce and adopt the UPD did not comply with statutory requirements. For this reason, he called for the selectboard to invalidate the UPD. The selectboard declined to do so.

In March 2013, Mr. Gould filed a Declaratory Judgment Complaint in the Civil Division of Addison County Superior Court. Docket No. 67-3-13 Ancv. The complaint alleged that the UPD was enacted in violation of 24 V.S.A. ch. 117. In particular, Mr. Gould alleged that the selectboard (1) failed to provide proper notice of public hearings on the UPD, (2) amended the UPD outside the time allowed and without hearings, and (3) failed to ensure the UPD complied with the town plan.

The Town moved to dismiss, arguing that the Environmental Division, and not the Civil Division, had jurisdiction over the complaint. The court subsequently asked the parties to submit briefs on whether Mr. Gould had standing to challenge the UPD on its face, since he had not applied for or been denied a permit. In August 2013 Mr. Gould filed an amended complaint with his brief, stating an additional claim asserting a constitutional due process violation.

In May 2014, Mr. Gould applied for a permit to subdivide his property. The permit application complied with the former zoning regulations, but not the UPD, and the Monkton

---

[1] In the complaint now before us, ¶ 36, and in his complaint in 67-3-13 Ancv, ¶ 28, Mr. Gould states that he sent the letter on January 23, 2012. The Supreme Court also understood the letter to have been sent in 2012. Gould, 2016 VT 84, ¶ 4. In his opposition to the Town's motion to dismiss, however, Mr. Gould states that he sent the letter on January 23, 2013. Opp. Mot. Dismiss at 9. For the purposes of this motion, we accept his representation that he sent the letter on January 23, 2013.

Development Review Board (DRB) therefore denied the application.  Mr. Gould did not appeal the denial.

In November 2014, the Civil Division dismissed Mr. Gould's due process claims with prejudice.  Gould v. Town of Monkton, No. 67-3-13 Ancv (Super. Ct. Civ. Div. Nov. 6, 2014) (Mello, J.).  The court also dismissed his claims alleging statutory violations in adopting the UPD, but with leave to replead them pursuant to the remedy set out in 24 V.S.A. § 4472(a).  In effect, the court agreed with the Town's argument that the complaint was properly addressed in the Environmental Division.

Mr. Gould appealed the dismissal to the Vermont Supreme Court, which affirmed the trial court's decision.  Gould, 2016 VT 84.  The Supreme Court described Mr. Gould's allegations that the Town violated 24 V.S.A. ch. 117 in adopting the UPD as a "strictly statutory challenge."  Id. ¶ 15.  The Court explained that such a challenge is governed by 24 V.S.A. § 4472(a) and "must be brought before the environmental division."  Id. ¶ 16.

Mr. Gould filed his Declaratory Judgment Complaint with this Court on August 29, 2016, one month after the Supreme Court issued its decision.  The complaint mirrors the one originally filed in the Civil Division, and alleges that the Town: (1) failed to follow public notice requirements set out in 24 V.S.A. § 4444(b); (2) made changes to the proposed UPD after the time period allowed and without holding a public hearing, in violation of 24 V.S.A. § 4442(b); and (3) adopted a UPD that does not comply with the Town Plan, in violation of 24 V.S.A. § 4302.  Pursuant to V.R.C.P. 57 and the Vermont Declaratory Judgments Act (12 V.S.A. §§ 4711 et seq.), Mr. Gould asks the Court to issue a declaratory judgment that these violations render the UPD invalid.

## Discussion

The Town contends that we should dismiss the Declaratory Judgment Complaint because (1) it is untimely, (2) Mr. Gould lacks standing, and (3) Mr. Gould has failed to pursue this action through the exclusive remedy available by statute.  We address the Town's third argument first.

The Town notes that when the Civil Division dismissed Mr. Gould's statutory complaint, it stated that his exclusive avenue for a remedy was to follow the procedures set out in 24 V.S.A. § 4472(a).  The Supreme Court affirmed this decision.  The Town argues that by filing this declaratory judgment action pursuant to V.R.C.P. 57 and 12 V.S.A. §§ 4711 et seq., Mr. Gould has

failed to pursue the exclusive avenue for a remedy under § 4472(a).  We understand this to be an administrative exhaustion argument: because Mr. Gould did not first pursue an administrative remedy as required by §4472(a), he cannot now bring his case to the Environmental Division. This argument raises the question of subject matter jurisdiction, and we therefore turn to that issue.  V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

I.      **Methods for Challenging the Validity of Zoning Regulations**

In this action, Mr. Gould challenges the validity of the Town's zoning regulations. There are a number of ways to raise such a challenge.

First, a party may challenge zoning regulations on constitutional grounds.  A constitutional challenge can be a facial challenge, made on its own, without appealing a specific zoning decision. E.g. Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990); Littlefield v. Town of Colchester, 150 Vt. 249, 250 (1988).  The Civil Division has jurisdiction over such cases.  24 V.S.A. § 4472(b). Alternatively, a party can present an as-applied constitutional challenge in the context of a case that already falls into the Environmental Division's jurisdiction, such as by appealing the denial or approval of a permit application.  See, e.g., In re Appeal of JAM Golf, LLC, 2008 VT 110, ¶ 17, 185 Vt. 201.  The Environmental Division has jurisdiction over these cases.  24 V.S.A. § 4472(b).

Next, a party may challenge a zoning ordinance by alleging that the ordinances were adopted in a manner that violated statutory requirements.  As with constitutional claims, such statutory claims can be raised in proceedings over which the Environmental Division already has jurisdiction, such as an appeal from a municipal panel's approval or denial of a permit application. In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶ 2, 187 Vt. 637 (mem.).  The Environmental Division has jurisdiction over these statutory claims.  24 V.S.A. § 4472(a).

Alternatively, parties have been able to bring standalone statutory challenges without also appealing specific zoning decisions by going to the Civil Division (formerly known as the Civil Court).  E.g. Kalakowski v. Town of Clarendon, 139 Vt. 519, 521 (1981) (challenge brought in superior (civil) court as a "civil action"); Smith v. Town of St. Johnsbury, 150 Vt. 351 (1988) (declaratory judgment action including standalone statutory and constitutional claims brought in the superior (civil) court); Paynter v. Town of Pittsford Planning Comm'n, Selectboard, No. 2009-

4

307 (Jan. 15, 2010) (unpub. mem.) (challenge brought in the Civil Division pursuant to V.R.C.P. 75)[2].

A caveat applies to this scheme. If a zoning administrator makes a specific zoning decision, such as an approval or denial of a permit application, and a party fails to appeal that decision, the party is barred from collaterally attacking the finality of that decision by bringing a standalone statutory challenge, or an as-applied constitutional challenge, to the validity of the underlying zoning regulation. Galanes v. Town of Brattleboro, 136 Vt. 235, 237 (1978) (explaining that, upon failure to appeal denial of a variance, the underlying zoning regulation cannot be challenged except on constitutional grounds); Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990) (barring an as-applied constitutional challenge after party failed to appeal zoning decision). The bar on collateral attacks is set out in 24 V.S.A. § 4472(d), which is triggered when a specific zoning decision is left unappealed. See In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 16 (May 27, 2016) (explaining how § 4472(d) is triggered).

This caveat is partially addressed in the Civil Division's observation that after the enactment of 24 V.S.A. § 4472, a declaratory judgment action could only be brought by following the procedures set out in that statute, including the requirement to first appeal a zoning decision to the appropriate municipal panel. Gould, No. 67-3-13 Ancv slip op. 3–4 (Super. Ct. Civ. Div. Nov. 6, 2014) (citing Fisher v. Town of Marlboro, 131 Vt. 534, 534 (1973) (Fisher I)).

We note that standalone challenges to the validity of zoning regulations have been permitted subsequent to Fisher I. See Kalakowski, 139 Vt. 519; Smith, 150 Vt. 351; Paynter v.

---

[2] We note that Paynter v. Town of Pittsford, in particular, illustrates the manner in which cases similar to the one now before us have been treated in the past. In that case, a plaintiff brought a standalone statutory challenge to the validity of zoning regulations in the Civil Division pursuant to V.R.C.P. 75. Id. at *1. Shortly after filing his civil action, the same plaintiff filed for a permit under the same zoning regulations, his permit application was denied, and he followed the appeal process set out in 24 V.S.A. § 4472 to bring an as-applied statutory challenge in the Environmental Division. In re Paynter 2-Lot Subdivision, 2010 VT 28, ¶ 2, 187 Vt. 637 (mem.).

Treating standalone statutory challenges in this way is consistent with other situations where selectboard decisions are challenged in the Civil Division pursuant to Rule 75. See, e.g., Coutu v. Town of Cavendish, Vermont Transp. Bd. & Vermont Agency of Transp., 2011 VT 27, ¶ 12, 189 Vt. 336 (because no statutory right to direct appeal selectboard decision to withhold approval of helipad, appeal under Rule 75 is exclusive remedy); Richards v. Town of Norwich, 169 Vt. 44, 47–48 (1999) (selectboard decision authorizing septic permit properly challenged through Rule 75); but see Dunnett v. Town of Ludlow Zoning Bd. of Adjustment, No. 2002-042, slip op. at *2 (Aug. 2002) (unpub. mem.) (holding that plaintiff could not bring a standalone statutory challenge to zoning regulations under Rule 75 because he did not have standing under exclusive remedy procedure pursuant to 24 V.S.A. § 4472(a)).

Town of Pittsford, No. 2009-307.  At least one of these cases, Smith, was a declaratory judgment action.  150 Vt. at 352.

Fisher I may be distinguished from these standalone challenges because Fisher I began with the plaintiff filing a subdivision application which was not immediately approved.  Fisher v. Town of Marlboro, 132 Vt. 533, 533 (1974) (Fisher II).  Rather than attempting to secure approval for the application through the proper administrative process, plaintiff filed a separate declaratory judgment action in the superior court.  Id.  Fisher I was therefore not a standalone statutory challenge—rather, it was an impermissible collateral attack on the administrative zoning process below.  The outcome in Fisher I and II, and subsequent cases, is consistent with the principle that standalone statutory challenges may be brought directly to the civil division, unless a specific zoning decision is at issue.  Once a specific zoning decision has been made, such challenges are no longer standalone, but instead are treated as impermissible collateral attacks on the appeal process set out in 24 V.S.A. § 4472.

## II.    Jurisdiction over this Claim

Here, Mr. Gould alleges that the selectboard failed to follow statutory requirements when it enacted the UPD.  See Gould, 2016 VT 84, ¶ 15 (explaining that "this challenge is strictly statutory").  His complaint presents a standalone challenge, in that it does not appeal any specific permit denial or zoning decision.  However, while his case was under consideration by the Civil Division, he applied for a permit.  That permit application was denied, and Mr. Gould did not appeal the denial.

While Mr. Gould originally filed his claim in the Civil Division, the Supreme Court held that his "statutory challenge is governed by 24 V.S.A. § 4472(a), and our case law concerning the effect of that statute is clear: suits that challenge the procedural enactment of municipal planning laws must be brought before the environmental division."  Gould, 2016 VT 84, ¶ 16 (citing Harvey v. Town of Waitsfield, 137 Vt. 80, 83 (1979), overruled on other grounds by Mohr v. Vill. of Manchester, 161 Vt. 562 (1993) and 24 V.S.A. § 4472(a)).

Section 4472(a) states that, apart from constitutional challenges to zoning regulations:

the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under [chapter 117] . . . shall be the appeal to the appropriate panel under section 4465 of this title, and the appeal to the

6

Environmental Division from an adverse decision upon such appeal under section 4471 of this title.

24 V.S.A. § 4472(a).

Section 4465, in turn, specifies that an "interested person may appeal any decision or act taken by the administrative officer in any municipality [to] the secretary of the board of adjustment or development review board . . . or with the clerk . . . if no such secretary has been elected," and goes on to define "interested person." Section 4471(a) states that "[a]n interested person who has participated in a municipal regulatory proceeding authorized under this title may appeal a decision rendered in that proceeding by an appropriate municipal panel to the Environmental Division."

In short, the plain language of this statutory scheme allows a party to appeal first to the appropriate municipal panel, and then allows a party to appeal the decision of that panel to the Environmental Division. Here, there has been no appeal to a municipal panel. Because we are only authorized to exercise jurisdiction over an appeal from a municipal panel decision under §§ 4465, 4471, and 4472, and there is no such decision here, we are unable to exercise jurisdiction over this complaint.

Mr. Gould argues that the letter he sent to the selectboard on January 23, 2013 served as an appeal to an appropriate municipal panel and therefore satisfied the requirements of these statutes. We are not persuaded by this argument. Section 4465(a) only allows a party to appeal a decision or act taken by a municipality's administrative officer. 24 V.S.A. § 4465; see also Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 15 ("§ 4465(a) . . . provides a remedy only with respect to a zoning administrator decision."). Here, Mr. Gould purports to have appealed the acts taken by the selectboard in enacting the UPD. A selectboard, however, is not an administrative officer. 24 V.S.A. § 4303(9) (defining "legislative body" to include selectboard, among other entities); id. § 4448 (appointment and powers of administrative officers, which does not mention "selectboard"). The letter does not satisfy § 4465(a) because it does not appeal the decision of an administrative officer.

In addition, a selectboard is not listed in § 4465 as a municipal panel to which one may appeal an act or decision. Elsewhere, a selectboard is defined as an "appropriate municipal panel" only when it acts as a "legislative body performing development review." 24 V.S.A. §

4303(3).  Mr. Gould's letter did not ask the selectboard to perform any development review (i.e., he was not appealing a decision by a zoning administrator) and therefore the selectboard could not have been the "appropriate municipal panel" called for in §§ 4465, 4471, and 4472.

As explained above, because Mr. Gould applied for a permit and that application was denied, § 4472(a) was triggered.  At that point he was foreclosed from bringing a standalone statutory challenge in the Civil Division, because that would have been a collateral attack on the permit denial.  Therefore, his only avenue for relief was to appeal the permit application denial to the appropriate municipal panel under § 4465, and then appeal any adverse decision from that panel to the Environmental Division under § 4471.  Because Mr. Gould failed to appeal the permit application denial as set out in § 4465, we are unable to exercise jurisdiction under §§ 4471 and 4472(a).  Mr. Gould's complaint must therefore be DISMISSED for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(h)(3).

Because we do not have jurisdiction, we do not reach the Town's arguments alleging Mr. Gould's complaint was not timely filed and that Mr. Gould lacks standing. A Judgment Order accompanies this Decision.  This completes the matter before the Court.

Electronically signed on December 1, 2016 at 10:15 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

8