Filed 05/18/26

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00034



| Town of Guildhall v. Hodgdon et al. |
| --- |

## ENTRY ORDER

Title:          Motion for Injunction

Filer:          Allen D. Hodgdon, Pro Se

Date Filed:     April 15, 2026

Supplemental Filing in Support of Motion, filed by Allen D. Hodgdon, on May 5, 2026.

Memorandum in Opposition, filed by James F. Carroll, counsel for the Town of Guildhall, on May 12, 2026[1]

**The motion is DENIED.**

This is a zoning enforcement action commenced by the Town of Guildhall (Town) against Respondents Allen Hodgdon and Ritalynn and Sean Branche (together, Respondents) by complaint filed May 27, 2025. On April 15, 2026, Respondent Hodgdon, who is self-represented, filed a stand-alone document with the Court stating that he "seeks an injunction against the enforcement of [§] 324.01.D of the Guildhall Zoning Bylaw" (Bylaw). Mr. Hodgdon argues that the Bylaw "violates the Fourteenth Amendment's protections of liberty and property described in the Due Process and Equal Protection Clauses." He also states that "[t]he bylaw, of its own force, is arbitrary and unreasonable." Thus, he requests an injunction restraining the enforcement of the ordinance and "all attempts to maintain as to defendants' property any of the restrictions, limitations or conditions." The Town opposes Mr. Hodgdon's motion. For the reasons discussed herein, the motion is **DENIED**.

By way of background, the Court takes notice of a related proceeding, previously pending before it, titled 593 Route 102 ZBA Decision, Docket No. 25-ENV-00010. That case involved an appeal by Mr. Hodgdon of a December 24, 2024 decision of the Town's Zoning Board of Adjustment

---

[1] The Town was not served with a copy of the motion as required by applicable court rules and only received a copy on April 30, 2026, after it was emailed to the Town's counsel by the Court. Therefore, the Town's opposition filing is timely.

(ZBA) upholding a notice of violation (NOV) issued by the Town's Zoning Administrator to all Respondents for unpermitted land development at 593 Route 102, Guildhall, Vermont (the Property) involving continuous residential occupancy of a travel trailer in violation of Bylaw § 324.01. By Entry Order dated April 16, 2025, this Court dismissed Mr. Hodgdon's appeal for failure to pay the filing fee (after multiple requests that he do so or seek a waiver thereof) and as untimely. That decision was not appealed and is now final.[2]

In this case, Mr. Hodgdon now seeks an injunction to enjoin the enforcement of Bylaw § 324.01.D, arguing that it is unconstitutional on its face in that it is arbitrary, unreasonable and does not serve a public purpose.[3] To the extent that the Court can discern,[4] Mr. Hodgdon also appears to make an as-applied challenge to the constitutionality of § 324.01.D, arguing that the travel trailer on the Property is the Branches' home and that by prohibiting them from occupying their home for more than six months, the Bylaw functionally renders them homeless and effects a regulatory taking. He does not appear to challenge the process by which Bylaw § 324.01.D was adopted.

Under Vermont law, there are several ways to raise a challenge to the validity and enforceability of municipal zoning regulations. First, a party may challenge zoning regulations on constitutional grounds, as Mr. Hodgdon attempts to do here. A constitutional challenge can be a facial challenge, made on its own, without appealing a specific zoning decision. See, e.g. Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990); Littlefield v. Town of Colchester, 150 Vt. 249, 250 (1988). The Civil Division has jurisdiction over such cases, not this Court. 24 V.S.A. § 4472(b). Alternatively, a party can present an as-applied constitutional challenge in the context of a case that already falls into the Environmental Division's jurisdiction, such as an appeal from the denial or approval of a permit application or the issuance of an NOV. See, e.g., 32 Intervale, LLC v. City of Burlington, 2026 VT 9, ¶ 34 (distinguishing facial and as applied challenges); In re Letourneau, 168 Vt. 539, 548–49 (1998). The Environmental Division has jurisdiction over such cases. 24 V.S.A. § 4472(b). Finally, a party

---

[2] The legal effect of the Court's decision was to render the ZBA's decision upholding the NOV final as well.

[3] Bylaw § 324.01.D provides: "Travel Trailers. It shall be unlawful for any person to park a camping trailer, travel trailer, pick-up coach and/or motor home on any public or private property, except in accordance with the regulations as follows: . . . D. A parked travel trailer shall not be used as living quarters for more than six months in any calendar year."

[4] Aspects of Mr. Hodgdon's handwritten legal memorandum are difficult to follow. Certain pages are sequentially numbered, and others are not. As filed, the memorandum does not always present a logical progression of ideas from one page to the next. Certain sentences are incomplete, and legal authority is presented through numerous quotations of various historical sources—ranging from Shakespeare and Dickens to Cicero and Sir Edward Coke—related to general principles of property law and the sanctity of the home.

may challenge zoning regulations by alleging that they were adopted in a manner that violated statutory requirements.

However, a significant caveat applies to this scheme. If a zoning administrator makes a specific zoning decision, such as an approval or denial of a permit application or the issuance of an NOV, and a party fails to appeal that decision, the party is barred from collaterally attacking the finality of that decision by bringing an as-applied constitutional challenge to the validity of the underlying zoning regulation. Galanes v. Town of Brattleboro, 136 Vt. 235, 237 (1978) (explaining that, upon failure to appeal denial of a variance, the underlying zoning regulation cannot be challenged except on constitutional grounds); Hinsdale, 153 Vt. at 627 (barring an as-applied constitutional challenge after party failed to appeal zoning decision). The bar on collateral attacks is set out in 24 V.S.A. § 4472(d), which is triggered when a specific zoning decision is left unappealed. See In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 16 (explaining how § 4472(d) is triggered).

Here, to the extent that Mr. Hodgdon seeks to challenge the constitutionality of § 324.01.D on its face, this Court is without jurisdiction to consider such a challenge. As noted above, such challenges must be brought before the Civil Division pursuant to 24 V.S.A. § 4472(b). This Court is further without jurisdiction to consider any as-applied challenge to § 324.01.D by virtue of the dismissal of Docket No. 25-ENV-00010 and the finality of the NOV. 24 V.S.A. § 4472(a), (d). That dismissal rendered the NOV issued to Respondents final. Thus, any as-applied challenge § 324.01.D at this time constitutes a prohibited collateral attack on the NOV, which was issued based on a violation of § 324.01.D. See In re Ashline, 2003 VT 30, ¶¶ 8, 10 (2003) (The "broad and unmistakable language of § 4472(d) prevents any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.") (internal quotation and citation omitted). Therefore, any as-applied challenge to § 324.01.D must be denied. As noted above, he makes no statutory challenge to the adoption of the Bylaw.

Even putting aside this Court's lack of jurisdiction under § 4472 to consider Mr. Hodgdon's constitutional challenge to the Bylaw, either directly or as-applied, his request for injunctive relief is procedurally flawed. As the Town correctly observes, his request for an injunction against the enforcement of Bylaw § 324.01.D was not served or filed by complaint, counterclaim or other pleading setting forth a claim for relief, nor raised as a defense in his answer. See V.R.C.P. Rules 3, 8. Mr. Hodgdon also did not initiate a proper proceeding pursuant to V.R.C.P. Rule 65 seeking a temporary restraining order or preliminary/permanent injunctive relief. See V.R.C.P. 65(b)(1) (outlining process for issuance of preliminary injunction). Notably devoid of any complaint, Mr. Hodgdon's "motion"

also appears to be untethered from any other potentially applicable court rule. For example, he makes no reference to V.R.C.P. 56, authorizing summary judgment in appropriate circumstances, nor does his motion reference any provision of V.R.C.P. 12, related to motions for judgment on the pleadings and/or motions to dismiss on various grounds.

While the Town speculates that Mr. Hodgdon's filing could be construed as a motion for judgment on the pleadings under Rule 12(c), the Court is unwilling to make that leap in the absence of any reference to Rule 12(c) in the request for an injunction. Even considering the Vermont Supreme Court's caution against disadvantaging pro se litigants through formalistic applications of the civil rules, it is not for the trial court to attempt to discern the grounds for a claim and then suggest a supporting argument. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22.

However, even if we were to analyze the motion under Rule 12(c), Mr. Hodgdon's request would fail. "When considering a motion for judgment on the pleadings, this Court must 'take the facts as pleaded by the nonmoving party as true,' and we may only grant the motion if the moving party is entitled to judgment as a matter of law, based only on 'facts as asserted in the pleadings.'" Town of New Haven v. Clark, No. 25-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2014) (Durkin, J.) (quoting In re Knapp, 152 Vt. 59, 63 (1989); V.R.C.P. 12(c)). As the Town notes, the allegations stated in the Town's complaint for enforcement, which we must assume to be true for the purposes of evaluating a Rule 12(c) motion, state that the Branches have been occupying the travel trailer as their home for more than six months each year. Given the language of § 324.01.D, these allegations are sufficient to make out a valid claim for violation of the Bylaw, which the Town is statutorily authorized (and obligated) to enforce. 24 V.S.A. §§ 4451, 4452.

### Conclusion

For all of the foregoing reasons, the Motion for Injunction is **DENIED**.

Electronically signed on May 18, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division