E. R. WILLETS, PROSECUTOR, v. THE BOROUGH OF SEA
GIRT, A MUNICIPAL CORPORATION, RESPONDENT.

Decided June 3, 1930.

For the prosecutor, *Quinn, Parsons & Doremus.*

For the respondent, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

BODINE, J.   The prosecutor, a property owner, seeks a writ
of *certiorari* to review an ordinance of the borough of Sea
Girt, authorizing the construction of a boardwalk in front
of his property in Ocean avenue.   The owner of the adjoining
property sought in chancery an injunction to restrain the
construction of the boardwalk in question.

Vice-Chancellor Berry considered most of the questions
involved in this case, and his admirable and exhaustive
opinion is reported in 106 *N. J. Eq.* 118.   The conclusions
at page 129 are as follows: "While undoubtedly this court
has jurisdiction to entertain this bill because of the restric-
tive covenants involved, if for no other reason, 'the prin-
ciple is universal, that where the rights of an individual are
invaded, by the acts of persons clothed with authority, and
who exercises that authority illegally, the persons aggrieved
must seek redress by *certiorari.*'   *Tucker* v. *Freeholders,* 1
*Id.* 282."

The ordinance providing for the erection of a boardwalk along the easterly side of Ocean avenue for nearly its entire length was adopted September 16th, 1929. The boardwalk is to be placed on the easterly side of Ocean avenue at a place where the Atlantic ocean has so worn away the sand that the boardwalk must be built on piling so as to bring it up to a level with the westerly side of the avenue. The ordinance is regular in form and refers to filed plans and specifications which are adequate to indicate the location of the walk, its character and extent. The plans and specifications call for steps and approaches so that the walk may be reached from the westerly side of Ocean avenue. The approaches are five in number and are of the ramp type and extend across the highway.

It is first argued that the ordinance is vague and inadequate. It does not so impress me. The ordinance itself is clarified by the plans and specification. A definite type of walk is indicated in a fixed and definite place with adequate means of reaching the same. The necessities of the case call for the building of the walk on piling at a considerable height above the beach. This very circumstance makes it necessary to provide some means for reaching the walk at suitable and convenient intervals.

There seems no merit in the suggestion that the building of the approaches is being attempted without an ordinance authorizing the same. The ordinance refers to the plans and specifications on file and these plans and specifications show the approaches. This is enough. *State, Parker* v. *New Brunswick,* 30 *N. J. L.* 395; *State, Woodruff* v. *Orange,* 32 *Id.* 49; *New Jersey Digest Municipal Corporations, sec.* 196.

In conclusion the prosecutor urges that the walk will be a public nuisance, a violation of the prosecutor's constitutional rights and is beyond the powers of the municipality. The mere suggestion that the approaches will limit the use of the highway to pedestrians does not seem enough to defeat the act of the municipality. The highway has never had any greater use and in all probability never can have. The con-

481

stant encroachment of the ocean has made any use of the highway, other than for pedestrians, impossible. The loose, shifting sands constantly washed by the ocean makes road building impossible. It is apparent that the walk will not interfere with the prosecutor's light, air or view. Although built on piling the level is not above the level of the westerly side of the street.

Under chapter 152 of the laws of 1917, the municipality has the power to build a boardwalk (article 20, subdivision f). The walk makes for a more adequate public use.

Vice-Chancellor Berry satisfactorily disposes of the nuisance question in *Hulett* v. *Sea Girt, supra.*

The prosecutor's rights under the constitution are not impaired by the approaches. There is such a difference between the level on the westerly side of the highway and the easterly side that the approaches are the only means by which the walk will be accessible. They, in no sense, interfere with access to prosecutor's property and are to be so constructed that those who desire to walk on foot along the ocean may do so. The approach to the ocean in front of the prosecutor's property remains the same. The only thing is that the boardwalk is to be so built as to insure a greater use of the highway. No right exists to interfere with a more adequate use of the public highway.

The writ will be denied but without prejudice.