**WESTLAKE, (City), Plaintiff-Appellee, v. ELRICK, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21030.   Decided October 18, 1948.

I. R. Winsper, Green, Woods, Lausche & Wilmot, Cleveland, for plaintiff-appellee.
Wm. C. Bracken, for. defendant-appellant.

**OPINION**

By JACKSON, J:

The sequence of events of the case are as follows:

On October 10, 1947, the defendant appellant, R. T. Elrick was tried before the court of the Mayor of the Village of Westlake, Ohio for the violation of the so-called zoning ordinance, Ordinance No. 1973, wherein the defendant appellant was found guilty by the Mayor and for which infraction the Mayor fined the appellant the sum of Fifty Dollars plus costs.

The affidavit upon which the charge of the violation of Ordinance No. 1973 is based, recited in substance: that R. T. Elrick did, on or about the 6th day of August, 1947, unlawfully, knowingly and wilfully conduct a business at 1364 Canterbury Road in the Village of Westlake Ohio, in violation of the zoning ordinance of said Village of Westlake; that said R. T. Elrick did, on or about the 21st day of March, 1947 obtain from the Village of Westlake, Ohio, a permit to construct or erect a building at 1364 Canterbury Road in said village, to be used for storage purposes, but is now conducting a business, to-wit, the printing of a newspaper known as "The Westlake Calendar," in said building; that printing presses have been installed in said building and electric wiring has been installed to operate said printing presses; that at all times herein complained of, Ordinance No. 1973 was in full force and effect in the Village of Westlake dividing the village into districts for residence, business and industrial purposes; that the property at 1364 Canterbury, Road, Westlake, Ohio, is located in a residence district, and that the conducting of

a business at said location in said residence district is in violation of said Ordinance No. 1973 and in violation of law.

Thereafter November 20, 1947, on appeal to the court of common pleas of Cuyahoga County, Ohio, the court of common pleas affirmed the judgment of the court of the Mayor.

This court has for consideration the question whether the defendant appellant was lawfully convicted in the Mayor's Court of Westlake, Ohio on October 10, 1947.

The Village of Westlake, Ohio consists of approximately 17 square miles of land in more or less rectangular form, located generally, west and south of Lakewood and Rocky River, Ohio. Lakewood, Ohio, lies adjacent to Cleveland, Ohio. The population of Westlake must be less than five thousand, in view of the fact that it is a Village. **Sec. 3497 GC.**

The people of the village reside largely on two main highways of which Canterbury Road is not one of the main highways. Also, there is a small group of buildings at a crossroads which contain the municipal buildings and a few stores whereat a small portion of the population reside. The remaining portion of Westlake, Ohio, excepting the two main highways and the cross-road intersection, consists of farm lands and unimproved acreage. Canterbury Road is a narrow, hard-bound macadam road with no curbs, gutters or sidewalks and on Canterbury Road is located the residence of the defendant-appellant.

On March 21, 1947, the defendant-appellant obtained a permit to erect a building for storage purposes which building was built in the rear of his garage and is about the size of a small garage.

The defendant appellant is the publisher of a newspaper called "The Westlake Calendar" consisting of four pages of news, personals and advertisements (twelve inches by seventeen inches) (Village Exh. 5).

For a considerable time prior to August 6, 1947, the paper was printed in another place than at the residence of defendant appellant but was at all times distributed or caused to be distributed by the defendant appellant.

On August 6, 1947, or shortly prior thereto, the defendant appellant installed a printing press in his storage building, together with the necessary electrical equipment, to print the newspaper at 1364 Canterbury Road rather than elsewhere.

It is this installation of the small printing press, together with the necessary equipment, which plaintiff appellee asserts is a violation of Ordinance No. 1973.

The authority of the Village Council to pass an ordinance

is based upon §§4366-7 to 4366-11 GC, as well as upon **Sec. 3 of Article XVIII of the Constitution of Ohio.**

It is specifically provided that in order to pass a legal zoning ordinance the municipality must be divided into zones or districts of such number, shape and area as may be best suited to carry out the purposes of the zoning plan, in the interest of the public health, safety, convenience, comfort, prosperity or the general welfare.

It is impossible to define with certainty the location, boundaries and areas of the six districts from an examination of the ordinance itself and the zoning map. This failure to define with certainty, the location, boundaries and areas of the six districts renders invalid the zoning ordinance as applied to the instant case. No decision is made as to the constitutionality and validity of Ordinance No. 1973 except as applied to the present proceedings.

Mr. Justice Sutherland, for the majority of the court, speaking in the case of the Village of Euclid Ohio v. Ambler Realty Company 273 U. S. 365 says:

"It is true that when, if ever, the provisions set forth in the ordinance in tedious and minute detail, come to be concretely applied to particular premises, including those of the appellee, or to particular conditions, or to be considered in connection with specific complaints, some of them, or even many of them may be found to be clearly arbitrary and unreasonable. But where the equitable remedy of injunction is sought, as it is here, not upon the ground of a present infringement or denial of a specific right or of a particular injury in process of actual execution, but upon the broad ground that the mere existence and threatened enforcement of the ordinance * * * the court will not scrutinize its provisions sentence by sentence."

**42 O. Jur, page 812 parag. 12, Zoning and Zoning Laws.**

We have before us the claimed present infringement and denial of a specific right or a particular injury in process of actual execution.

We are of the opinion that Ordinance No. 1973 the so-called zoning ordinance, as applied to the facts in the instant case and to the conviction of the defendant appellant, is invalid and a violation of §§1 **and 19 of Article I of the Constitution of Ohio** and the Fourteenth Amendment of the Constitution of the United States.

The judgment of the court of common pleas and the court of the mayor of Westlake, Ohio, are reversed and the judg-

ment of guilty is contrary to law. Defendant discharged. Judgment is entered for the defendant appellant for his costs. Exc. Order See Journal.

HURD, PJ, SKEEL, J, concur.