JAMES SLATTERY, WILLIAM ILLGE AND WILDLIFE PRE-
SERVES, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, PLAINTIFFS, v. TOWNSHIP OF CALD-
WELL, A MUNICIPAL CORPORATION IN THE COUNTY
OF ESSEX AND STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 26, 1963.

*Messrs. Mills, Doyle & Muir (Mr. Robert Muir, Jr.,* appearing), for plaintiffs.

*Mr. Robert W. Brady,* for defendant.

GLICKENHAUS, J. C. C. (temporarily assigned). This matter came on before the court on plaintiffs' motion for summary judgment in an action in lieu of prerogative writs challeng-

ing the validity of an amendment to a zoning ordinance. The amendment to the zoning ordinance made on November 19, 1962 purports to enlarge a recently created industrial zone by including therein certain lands formerly zoned for agricultural and residential uses. For the purpose of this decision the details of the ordinance are not required to be set forth. It suffices to note that in the amendment three references are made to "Proposed Federal Highway I-80" in fixing the boundary lines for the zone. The proposed Federal Highway I-80 is not delineated or indicated on any map attached to or made a part of the amended ordinance and the said proposed Federal Highway I-80 is not set forth as appearing on any map referred to in the said amended ordinance. The only map referred to in the amended ordinance is a tax map of the defendant township.

The defendant township contends that although Federal Highway I-80 referred to in the ordinance has not yet been constructed, its route is nevertheless sufficiently certain. It bases its contention on the following:

A. The route was settled and determined by the State Highway Department with the approval of the Federal Bureau of Roads.

B. The State has purchased land within the right of way lines and has begun preparation for the purchase of other parcels within the route.

C. Contracts will soon be drawn for excavation work within the right of way.

D. No change has been made in the proposed course of the highway since May 1961 and none is contemplated.

E. Maps delineating the route had been furnished to the defendant township by the *State Highway Department* prior to the adoption of the ordinance.

The defendant township further raises the question as to the status of plaintiffs to challenge the validity of the amendment.

In deciding this matter, the court wishes to point out that it is conceded that the boundary lines referred to in the

ordinance are not delineated on a map referred to or made a part of the zoning ordinance; that, in its opinion, if such boundary lines were delineated on a map referred to and made a part of the ordinance, or if delineated by metes and bounds, there would appear to be no good reason to question the validity of the ordinance in this case.

The issue in this case is a narrow one, namely, whether said ordinance is invalid because of uncertainty in that no delineation of the proposed route or highway is given in the ordinance either by wording or reference to a map by which the exact routes may be ascertained.

*N. J. S. A.* 40:55–30, insofar as it is applicable here, provides:

"Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land, and the exercise of such authority, subject to the provisions of this article, shall be deemed to be within the police power of the State."

There is no provision in the statute calling for the delineation of district boundaries through use of a map. Nor is provision made for reference to such a map in an ordinance. Likewise, there is no specific requirement that a zone map be made available for public inspection.

In this regard, however, the court in *State v. Morristown,* 34 *N. J. L.* 445, 447 (*Sup. Ct.* 1871), stated in reference to the validity of certain ordinances establishing street grade lines:

"The adoption of grade lines by ordinance, by reference to maps and profiles, is the usual, and indeed the only practicable means of legislating on the subject."

The Court of Errors and Appeals, referring to this statement, said in *Burmore v. Smith,* 124 *N. J. L.* 541, 546 (*E. & A.* 1940):

"That pronouncement stands unchallenged. In all reason, it applies with equal efficacy to the adoption of a zoning ordinance. *Cf. Willets v. Sea Girt*, 150 *A*. 777, 8 *N. J. Misc.* 479, 43 *C. J. sec.* 844, *p.* 543.

■ The validity of establishing district boundary lines through inclusion in an ordinance of a map setting same forth is unquestioned. The boundaries may also be set by reference to a map not attached to or made part of an ordinance but referred to in the ordinance. *Burmore v. Smith, supra.*

This court does not hold that a map must necessarily be included or referred to in an ordinance establishing zone district boundaries in all cases. The efficacy and necessity of such inclusion or reference in the instant case, however, is manifest. It is the conclusion of this court that the amendment to the zoning ordinance is invalid in that it fails to specify with certainty and without ambiguity the exact boundary lines and limits of the industrial zone which it purports to establish.

The issue presented is a novel one in New Jersey. There appears to be no reported case dealing with an exact or similar fact pattern in this State. Many cases have arisen in other states, however, wherein situations were presented which were at least analogous to the present one.

McQuillin, in referring to the establishment of zoning districts, states:

"The zones or districts must be described with reasonable certainty, and must have definite boundaries so that the ordinance may be practically applied." 8 *McQuillin, Municipal Corporations, sec.* 25.89, *p.* 205.

Thus, in situations where a map referred to in a zoning ordinance has been misplaced, improperly filed or not made available for public inspection, other jurisdictions have held that the ordinances were invalid because of lack of definiteness. *Ballard v. Smith,* 234 *Miss.* 531, 107 *So. 2d* 580, 75 *A. L. R. 2d* 152; 39 *A. L. R. 2d* 766, 772–773 (*Sup. Ct.* 1958). Where a zone district was restricted to four different

uses and the ordinance failed to specify, by means of a map or
otherwise, which areas of the district could be put to each or
any of these uses, the ordinance was declared invalid. *Cassell
v. Lexington Township Bd. of Zoning Appeals,* 163 *Ohio St.*
340, 127 *N. E. 2d* 11 (*Sup. Ct.* 1955). Again, where it was
impossible to define with certainty the location, boundaries,
and areas of zone districts from an examination of the ordi-
nance itself and a zoning map, the ordinance was declared in-
valid as applied to a defendant prosecuted for violation of
zoning laws. *Village of Westlake v. Elrick, Ohio App.,* 83
*N. E. 2d* 646 (*Ct. App.* 1948).

It appears from the affidavit of defendant's former town
engineer of the defendant township that it is possible to locate
the route of proposed highway I-80, insofar as it pertains
to the boundaries of the zoning district, from a revision of the
township zoning ordinance on which he was engaged at the
time of his retirement in April 1962 and which is otherwise
still incomplete. However, it is to be noted that the revision
was being plotted from a cloth copy of the tax maps of the
township, leaving the original of the tax maps which do not
contain the proposed route of the highway as the natural ref-
erence to which the public would be directed by the ordinance.
Secondly, as noted above, nowhere in the amendment is a
reference made to the revision of the zoning map or, for that
matter, to any zoning map which might put the public on
notice as to where the route of the proposed highway could be
located.

It therefore appears that the holding of *Village of Westlake
v. Elrick, supra,* is equally applicable to the case at bar. It is
impossible here to locate the boundaries of the industrial zone
through examination of the tax maps of the township and the
ordinance establishing the zone.

Defendant township maintains that because the maps
furnished by the State Highway Department were in the pos-
session of the township engineer and were available for in-
spection by the public, the ordinance is sufficiently certain.
This court cannot agree with this contention. Zoning ordi-

nances establishing zone district boundaries are required to do so with reasonable certainty so that the zone districts will have definite boundaries reasonably capable of being ascertained by the public. Such boundaries should not be left to the uncertainty of proof by extrinsic evidence. *Auditorium Inc. v. Board of Adjustment of Mayor, etc.*, 47 *Del.* 373, 91 *A. 2d* 528 (*Sup. Ct.* 1952).

The maps in possession of the town engineer are undoubtedly such extrinsic evidence. Moreover, nowhere in the ordinance is reference made to these maps nor is the public in any way informed through the ordinance how the exact location of the highway can be ascertained nor for that matter whether it can be ascertained.

The property owner and the prospective purchaser of property should not, because of the absence of an ordinance clearly defining the zoning areas, be forced to institute a search to ascertain to what uses their property may lawfully be applied, nor should they be forced to risk a future change in the course of the highway with the latent ambiguity present in the wording of the amendment.

The ambiguity may become a source of further uncertainty should the course of the proposed highway route be subsequently changed. The question then would be whether the new route of the highway or the original proposed route of the highway set the zone boundary. The issue might very well be resolved in favor of the route originally proposed, but this is not the issue here and this court does not decide whether such would be the case.

"The boundaries of districts must * * * be clearly defined and where they are not they cannot be established by court interpretation." *McQuillin, supra, sec.* 25.90, *p.* 207.

The right of plaintiffs to test the validity of this amendment is challenged. It is contended by the township that plaintiffs have no interest which would be adversely affected by the application of this ordinance. It appears to the court that defendant township bases its contention on two

factors. First, that one parcel of plaintiffs' land lies several hundred feet from the proposed highway route used as a reference point in setting the zone boundary and alleged to be uncertain, and plaintiffs therefore have no uncertainty as to the uses to which this land can be applied. Secondly, that a second parcel in which plaintiffs claim an interest is bisected by this proposed highway route, but that they have no intention of applying this land to industrial or residential uses and therefore cannot be adversely affected by an uncertainty in the boundaries of the new industrial zone.

This court cannot accept the contention of the defendant, even if its factual allegations be conceded. The courts of this State have recognized a broad right in the citizens of a municipality to seek review of local legislative action without proof of unique financial detriment to them, and, on that premise, to maintain an attack which goes to the entire district created under the zoning power. *Van Itallie v. Franklin Lakes*, 28 *N. J.* 258 (1958). The community at large has such an interest in the integrity of a zoning plan as to justify such an attack. *Kozesnik v. Montgomery Twp.*, 24 *N. J.* 154 (1957).

Plaintiffs have an interest in land within the area of the district created by this ordinance. Any uncertainty in the boundaries of the district must necessarily affect them in the same way in which it would affect the community at large. They therefore may properly maintain this suit.

In view of the foregoing, it is the opinion of this court that the description in the amendment to the zoning ordinance made on November 19, 1962 is vague and uncertain and prospectively ambiguous because of its failure to establish the zone boundaries with sufficient certainty, either within the amendment itself or by reference therein to some map upon which the boundary lines are set forth.

Plaintiffs' motion for summary judgment is granted.