83 N.J. Super. 317 (1964)
199 A.2d 670
JAMES SLATTERY, WILLIAM ILLGE AND WILDLIFE PRESERVES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
TOWNSHIP OF CALDWELL, A MUNICIPAL CORPORATION IN THE COUNTY OF ESSEX AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1964.
Decided April 22, 1964.
*318 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. W. Eugene San Filippo argued the cause for appellant (Mr. Robert W. Brady, attorney).
*319 Mr. Robert Muir, Jr., argued the cause for respondents (Messrs. Mills, Doyle & Muir, attorneys; Mr. Muir, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from a Law Division summary judgment invalidating an amendment to the Caldwell Township zoning ordinance which would classify an agricultural-residential zone as Industrial Zone 2 and forbid any further residential development in that zone. The sole issue requiring decision is whether an amendment establishing a use zone and describing one of its boundaries as "Proposed Federal Highway I-80" is so vague and uncertain as to be invalid. The question appears to be one of first impression in New Jersey.
The facts may be found in 79 N.J. Super. 591 (1963) and need not be repeated. Although plaintiffs own properties within the area affected by the zoning change, these do not bound on "Proposed Federal Highway I-80." The nearest, we are told, is well over a hundred feet from that boundary. In challenging the validity of the zoning amendment, plaintiffs contended, and the trial judge held, that the boundary description was so vague as to amount to an improper exercise of the zoning power.
The amendment contains no definite description of "Proposed Federal Highway I-80," whether by metes and bounds or otherwise. There is no map attached to or made a part of the amendment, nor is there reference to a specific map that may be consulted by anyone who might be interested in the location of the mentioned highway. We would reach a different result were there such a map reference. Burmore Co. v. Smith, 124 N.J.L. 541, 546 (E. & A. 1940).
Zones or districts must be described with reasonable certainty and must have definite boundaries so that the ordinance may be applied practically. 1 Rathkopf, Law of Zoning and Planning, 8-25 et seq. (1962); 8 McQuillin, Municipal Corporations (3d ed. rev. 1957), § 25.89, p. 205. Where *320 it is not possible to define with certainty the boundaries of a zone from the ordinance itself and a zoning map, the ordinance cannot be enforced and is invalid. Village of Westlake v. Elrick, 83 N.E.2d 646, 647 (Ohio Ct. App. 1948); Auditorium, Inc. v. Board of Adjustment, etc., of Wilmington, 8 Terry 373, 47 Del. 373, 91 A.2d 528 (Sup. Ct. 1952). And see, Annotation 39 A.L.R.2d 766, 768 (1955).
At the time plaintiffs brought their proceeding in lieu of prerogative writs there was no physical evidence as to the location of the highway. Nor is there presently, as we were informed by defense counsel at oral argument. Had the right-of-way been laid down, or construction within the township boundaries progressed to the point where the location of the highway was readily determinable, plaintiffs would have no cause for complaint. As it is, they could not determine just where the highway was to run, from either work done on the ground or from a map attached to the ordinance or referred to therein.
Defendant relies upon certain maps prepared by the New Jersey State Highway Department and an affidavit of its assistant district engineer, Coupe, as evidence that the route of I-80 was ascertainable at the time the ordinance was enacted. Coupe said that the drawings showed the sidelines of the proposed highway and that to his knowledge no change was contemplated. The maps were prepared in May 1961; the amendatory ordinance was adopted December 27, 1961 and further amended on January 29, 1962. Plaintiffs brought their in lieu action contesting the validity of the ordinance on February 5, 1962. On November 19, 1962 defendant adopted an ordinance almost identical with the two just mentioned and repealing those ordinances insofar as they were inconsistent. None of them mentioned the State Highway maps and there was nothing to indicate their existence to an inquiring person. It is apparent that the State could have altered the route of the highway because of practical problems connected with title acquisition, construction, and the like. The fact that the State has since searched the titles *321 of properties and started condemnation as to certain others, does not change the picture. There is still no road physically evident. There is still no map.
An affidavit by L. Burdette Demarest, who was township engineer in 1961 (since retired) states that he received the State Highway drawings showing the right-of-way sidelines of the proposed highway and that he began to plot the route on a cloth copy of the township tax maps. The work was never completed. The original tax maps remain untouched, so that if any member of the general public were to examine them or be referred to them, he would find no indication as to just where the proposed highway was to run.
The situation at the time the zoning change was made was therefore such that an inquiring property owner would have to institute a search to ascertain the highway route. It might occur to him to refer to the Federal Bureau of Roads in Washington, D.C., or the State Highway Department in Trenton. Only an initiate or a persistent searcher would discover the "Proposed Federal Highway I-80" boundary of Industrial Zone 2. A zoning ordinance should not place such a burden on landowners.
Defendant argues that extrinsic evidence may be used to define zones established by an ordinance. We do not find the cases it cites apposite in the circumstances here present.
Defendant places primary reliance on Van Itallie v. Franklin Lakes, 28 N.J. 258 (1958). It should be noted that in that case there is a clear inference that reasonable certainty is required where zone boundaries are concerned. See page 276, quoted below. The ordinance there involved provided, in part:
"All lands above the North five hundred (500') foot Contour Line or above the South five hundred (500') foot Contour Line and having a grade exceeding eight (8%) per cent shall be in Residence A-A-A Districts.
The above-mentioned Contour Lines are set forth and established on the map accompanying this ordinance and made a part hereof."
It is at once to be observed that the ordinance was accompanied by a map, made part thereof.
*322 Defendant contends that Van Itallie establishes the availability of extrinsic aid because it was necessary in that case to await a topographic study before one could decide what properties within the 500' contour lines had a grade exceeding 8% and were therefore in district A-A-A. However, the court, in rejecting the contention that the ordinance was void for vagueness, said:
"* * * Plaintiff asserts that as these areas cannot be readily ascertained from the ordinance or its accompanying map, this section of the ordinance is defective. We cannot agree. On its face the ordinance and the map accompanying it clearly delineate the boundaries of the triple A district. Plaintiff did not submit any evidence that in fact there were areas within these contour lines that had a grade of less than 8%. * * *" (Emphasis added)
The opinion cannot be read as holding the ordinance valid because a topographic survey could be used to establish zone lines. Cf. Auditorium, Inc. v. Board of Adjustment, etc., of Wilmington, above, where the Delaware Supreme Court flatly rejected the use of extrinsic evidence to ascertain zone district boundaries.
Assuming that evidence outside the ordinance may be utilized in some circumstances, the public should be given a clear guide to the source of that evidence. The governing body gave no such guideline in the instant case.
Just why defendant chose to have the amendatory ordinance tested rather than making the correction obviously called for, escapes us. It would have been a simple matter to introduce a new ordinance with a proper map attached the moment the amendment was challenged. Instead, the case has wended its way through the Law Division and into this court, at considerable time, effort and expense for all concerned. In all probability plaintiffs will derive no lasting benefit from our determination in their favor, for defendant may then do what it should long since have done  amend its ordinance so as to fix precisely the boundary now referred to as a "proposed" highway. Certainty will at last be achieved by exact description or a map.
Affirmed.