# Robert D. McLaughry v. Town of Norwich and Norwich Zoning Board of Adjustment

[433 A.2d 319]

No. 95-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed July 15, 1981

*Laurence F. Gardner,* Hanover, New Hampshire, for Plaintiff.

*Michael F. Hanley* of *Black & Plante, Inc.,* White River Junction, for Defendants.

Barney, C.J. In July, 1977, the plaintiff purchased a piece of property in Norwich, planning to convert a barn in the middle of the lot into a commercial office building. Before purchasing the property, the plaintiff was told by the zoning administrator that the property was located entirely within the business district, apparently by reference to one of two sketch maps attached to the town's zoning bylaw. After purchasing the property, the plaintiff learned that the boundary between the Business District A and the Village Residential District split

the lot and divided the barn in half. The zoning administrator denied the plaintiff a permit for converting the barn into a commercial property.

The plaintiff appealed to the Zoning Board of Adjustment claiming that the property was located solely within the business district. In the alternative he sought a variance. The Board found that the barn was in both districts, and also denied the variance.

The plaintiff then took his case to superior court under 24 V.S.A. § 4471, again contending that his property was all in the business district. He also contended that if his property and barn were in fact split between two districts, it amounted to an arbitrary and capricious use of zoning authority. He waived his right to appeal the denial of the variance.

The trial court found that the town adopted its zoning bylaw in 1970, and amended it in October, 1975. The zoning districts are established in § 4 of the amended bylaw, which attempts to incorporate by reference the districts of the Norwich Fire District bylaw as they existed on November 1, 1970. Section 4 also states that the districts are designated on a map which is part of the bylaw, and has been filed in the land records of the town, and that an official copy of the map is kept at the planning commission office. At trial, counsel for both parties represented that they could not find a copy of the map at the town clerk's office. The trial court found that one was available at the planning commission office, however. The parties never produced that map at trial, nor did they produce a copy. Instead, the plaintiff referred to a small sketch map attached to the back of the bylaw. The plaintiff claimed at trial, and still does, that that sketch map is a copy of the official map. The trial court found that it was not and concluded that the zoning districts were as they were described in the old Norwich Fire District bylaw.

The court found further that the plaintiff's property is located in two districts and concluded that the bylaw was not arbitrary and capricious, even though it split the plaintiff's barn and property between two districts.

The first issue the plaintiff raises on appeal is that the property is located solely within the business district. In making his claim, the plaintiff first contends that the bylaw may not incorporate by reference the provisions of the Norwich Fire

District bylaw. Determination of this issue is necessary to decide where the business district is located.

The Norwich bylaw provides:

### Section 4—Zoning Districts

As designated on a map which is a part of this ordinance and has been filed in the Land Records of the Town of Norwich. An official copy may be seen at the Planning Commission Office in Tracy Hall.

. . . .

4.2. Districts within the boundaries of the Norwich Fire District:

(1) Village Residential District
(2) Business District A. See Map
(3) Business and Industrial District B. See Map.

The perimeters of these Districts shall be as under the Norwich Fire District as it existed on November 1, 1970.

The plaintiff argues that the location of Business District A can be established only be referring to the zoning bylaw and zoning map. Two sketch maps are attached to the back of the bylaw. He claims that one of the maps, entitled "Norwich Vermont (Center of Village)," constitutes the "map" mentioned in the bylaw.

Plaintiff argues that reference to provisions outside of the bylaw would not provide the detail and clarity required by the enabling statute. He derives the requirement for detail from 24 V.S.A. § 4405(a), which allows a town to designate the town's plan map as the zoning map "except in such cases where such districts are not deemed by the planning commission to be described in sufficient accuracy or detail by the plan map." Apparently, the plaintiff is arguing that incorporating by reference the provisions of the Norwich Fire District Zoning bylaw does not provide sufficient accuracy or detail to describe the zoning districts.

Other courts have held that towns may incorporate bylaws by reference. See 5 E. McQuillin, Municipal Corporations § 16.12 (3d ed. 1969). Only if the incorporated bylaw is not on record, or was invalid at the time of the incorporation, should the incorporation by reference be held invalid. See *id.*

■ There is no statutory prohibition of incorporation by reference in Vermont. Neither 24 V.S.A. § 4401, which authorizes the adoption of bylaws, nor 24 V.S.A. § 4403, which relates to the preparation of bylaws and speaks of filing "a copy of the proposed by-law, amendment or repeal for public review" with the town clerk, prohibits such incorporation. Nor do the statutes require all of the provisions of the bylaw to be contained within the four corners of the document, although that would be the better practice.

In *Auditorium, Inc.* v. *Board of Adjustment*, 47 Del. 373, 91 A.2d 528 (1952), cited by the plaintiff, the Delaware Supreme Court stated that, "The boundaries [of zoning districts] must be definitely established by the ordinance itself." *Id.* at 382, 91 A.2d at 533. The court in that case was objecting to a procedure whereby the zoning administrator determined the boundaries. He did so because the zoning map did not sufficiently delineate the zoning districts. The case does not prohibit, however, a new zoning bylaw from incorporating the provisions of a previous zoning ordinance, with its specific description of the district boundary lines. Its holding does not apply to the case at bar.

Similarly, plaintiff's citation of *Slattery* v. *Township of Caldwell*, 83 N.J. Super. 317, 199 A.2d 670 (Super. Ct. App. Div. 1964), is unfounded. In that case, a New Jersey superior court invalidated a bylaw which adopted "Proposed Federal Highway I-80" as a boundary of one district. The road had not been built, plans had not been made final and no map of the road was attached to the ordinance. The court said the boundary was too indefinite. Here, also, there is no application to this case, because we have a definite description of the district boundary.

■ In the case at bar the trial court found that:

5. The 1975 revision to the Zoning By-Law did not make any change in the then existing zoning districts within the town.

6. The 1970 Zoning By-Law followed the perimeter of Business District A as established for the Norwich Fire District in 1955. The Norwich Fire District Zoning By-Law was filed with the Norwich Town Clerk on November 10, 1955.

The Norwich Fire District bylaw described the business zone as extending 175 feet from the Main Street front lot lines. The court found that the description provides sufficient notice to landowners to enable them to place their property within the proper zoning district. There is no error in that finding.

■ Two roughly sketched maps are attached to the zoning bylaw. As noted above, the plaintiff argues that one of them, entitled "Norwich Vermont (Center of Village)," constitutes one of two official copies of the zoning maps. That map appears to include the plaintiff's property all within Business District A. The trial court found that the map was not an official one, however.

The plaintiff contends that this finding is contrary to the evidence at the hearing. He refers to excerpts from the transcript in which the zoning administrator says that the map attached to the bylaw is the official map.

Section 4 of the bylaw states that the designated map "has been filed in the Land Records of the Town of Norwich." It also states that an official copy is at the planning commission office. In the delineation of the business district located within the old Norwich Fire District, the bylaw simply says "See map." That phrase presumably refers to the official map on file in the town clerk's office and at the planning commission office. The trial court was correct in its findings.

■ Plaintiff next argues that splitting his land into two districts is an arbitrary and capricious use of the zoning power. Zoning bylaws are presumed to be valid. *Town of Charlotte* v. *Richter*, 128 Vt. 270, 262 A.2d 444 (1970). "Courts will not interfere with zoning unless it clearly and beyond dispute is unreasonable, irrational, arbitrary or discriminatory." *City of Rutland* v. *Keiffer*, 124 Vt. 357, 367, 205 A.2d 400, 407 (1964). The plaintiff therefore has the burden of proving that the bylaw is invalid.

■ The plaintiff in this case merely asserts that dividing the lot into two districts is unreasonable. The trial court, however, concluded that the plaintiff could make reasonable use of his property. For example, there is no evidence to indicate that the property could not be used for two different purposes; that is, that part of it which lies within the business

district could be used for business purposes, and that part of the property lying within the residential district could be used for residential purposes.

The plaintiff's lot is 100 feet by 366 feet. The first 175 feet are zoned business; the remaining 191 feet are zoned residential. The barn on the lot straddles the dividing line, with approximately one-half in each district.

Plaintiff cites *Nectow* v. *City of Cambridge*, 277 U.S. 183 (1928), to support his contention that dividing the plaintiff's property into two districts is arbitrary and capricious. In that case the lot in question contained 140,000 square feet. The zoning regulation placed 29,000 square feet in a residential district and the remaining portion of the lot (111,000 square feet) in an unrestricted district. The United States Supreme Court found this to be arbitrary and capricious.

In *Nectow*, however, a master appointed by the lower court found " 'that no practical use can be made of the land in question [the 29,000 square foot lot] for residential purposes, because among other reasons herein related, there would not be adequate return on the amount of any investment for the development of the property.' " *Id.* at 187. He also found that " 'the districting of the plaintiff's land in a residence district would not promote the health, safety, convenience and general welfare of the inhabitants of that part of the defendant City, taking into account the natural development thereof and the character of the district and the resulting benefit to accrue to the whole City . . . .' " *Id.* Both the trial court and the Zoning Board of Adjustment in this case found the exact opposite.

■ Another factor which other courts have used is whether the split lot will be practically unusable. *AMG Associates* v. *Township of Springfield*, 65 N.J. 101, 319 A.2d 705 (1974). That factor does not apply in this case, because the property can be used for both residential and commercial purposes.

■ The plaintiff finally argues that the districts in the bylaw are not sufficiently described to satisfy 24 V.S.A. § 4405. The plaintiff's argument assumes that the sketch map attached to the bylaw is the official map. The trial court specifically found that it was not, and, as noted above, was correct

in that finding. This issue also was not raised in the superior court.

*Judgment affirmed.*