STATE OF VERMONT

ENVIRONMENTAL COURT

```
                              }
In re: Appeal of              }
  Windjammer Hospitality Group }      Docket No. 137-8-99 Vtec
                              }
                              }
```

Decision and Order on Cross-Motions for Summary Judgment

Appellant Windjammer Hospitality Group (Windjammer) appealed from a decision of the Planning Commission of the City of South Burlington denying a subdivision permit for land which it holds under a long-term lease. Appellant is represented by Eric M. Knudsen, Esq.; the City is represented by Joseph S. McLean, Esq. The parties have filed cross-motions for summary judgment. The following facts are undisputed.

Windjammer owns and operates a motel, conference center, and restaurant on a fifty-four acre parcel of leased land, leased since 1976 from the owner, Evelyn Lamplough, under a long-term lease with option to purchase. The parcel is bounded on the south in two places by Williston Road and on the north by Patchen Road. Both roads are classified as "arterial or collector" streets under the City's Zoning Regulations. At Patchen Road the parcel is approximately 504 feet wide, of which 251.31 feet is the parcel's frontage on Patchen Road and the remainder is frontage on a rectangle cut out of the parcel and owned by an unrelated party. At Williston Road the parcel is approximately 710 feet wide, of which the westerly 234.57 feet and the easterly 50 feet are the two sections of the parcel's frontage on Williston Road and the remainder in the middle is frontage on a rectangle cut out of the parcel and owned by an unrelated party.

Approximately the southerly half of the parcel, including both segments of Williston Road frontage, and all of the land occupied by the motel, conference center and restaurant buildings, is located in the C-1 Commercial zoning district. Approximately the northerly half of the parcel, including the Patchen Road frontage, is located in the R-4 Residential zoning district and at present is unimproved.

An approximately one-acre vacant portion of the southwest corner of the parcel,

1

including most of the westerly segment of Williston Road frontage, is the subject of a dispute over whether the adjoining property owner (to the west) holds a right of first refusal if that segment is sold. To avoid having to resolve that dispute in advance of any sale to Appellant of the remainder of the property, Appellant and the property owner made the present application to subdivide the property into two lots. Lot 1 is proposed as a 1.476-acre lot located entirely in the C-1 zoning district, to include all the disputed land and to include the entire 234.57-foot westerly segment of Williston Road frontage. Lot 1 would continue to be held by the landowner and leased to Appellant. Lot 2 is proposed as a 52.876-acre lot located in both zoning districts, to include all the motel, conference center and restaurant buildings, and to include the entire 261.31-foot Patchen Road frontage, but only the easterly 50-foot segment of Williston Road frontage. Lot 2 would be sold to Appellant.

The minimum frontage on Williston Road required for a lot in the C-1 zoning district is 200 feet. §25.00 and Table 25-1. Hotels, motels and restaurants (other than fast food) are permitted uses in the C-1 zoning district. §§9.10 and 9.20. The minimum frontage on Patchen Road required for a lot in the R-4 zoning district is 100 feet for single and two-family or day care residential uses, and 170 feet for multi-family residential uses and all conditional uses. §25.00 and Table 25-1. Hotels, motels and restaurants are neither permitted nor conditional uses in the R-4 zoning district, even under the PUD regulations. §§12.10, 12.20 and 12.40.

While the zoning regulations do require a "through" lot (an interior lot fronting on two streets) such as this one to have the required front yard setback on both streets, §28.164, nothing in the regulations requires such a lot to have a length of frontage meeting the required frontage on both streets. This distinction is not on its face unreasonable, because unlike setback requirements, frontage requirements do not affect the location of buildings on a lot or the lot's appearance from the street. This court is required to apply the zoning regulations strictly and resolve any uncertainty in favor of the property owner. In re Appeal of Weeks, 167 Vt. 551, 555 (1998). Under the City's Zoning Regulations, a lot is adequate

2

if it has the adequate amount of frontage[1] on only one street.  Nothing in the regulations requires the lot to become illegal if it has additional frontage on another street, such as a footpath leading through a lot to an adjoining street, even if that additional frontage would be inadequate standing alone.  Thus if the proposed Lot 2 were shaped as described but were solely in the C-1 district, or were split between districts allowing the use, as long as the frontage on one street is adequate, the lack of sufficient frontage on the other street would be no bar to approval of the subdivision.

---

[1]  In fact, the Zoning Regulations provide a process for approval of a lot with no frontage at all, if it is served by an adequate right-of-way and obtains ZBA approval. §26.20.  It is possible that access to the C-1 portion of the proposed lot could be approved under this section, but such an application is not before the Court.

3

However, for lots such as this one divided by a zoning district boundary (so-called "split lots"), §29.007 allows the regulations for either district to be extended up to fifty feet into the other portion of the lot, as a conditional use. The necessary corollary of that provision is that, other than in such extension area, uses on a split lot must comply with the district requirements for the district they are in. See, McLaughry v. Town of Norwich, 140 Vt. 49, 54-55 (1981). Further, §25.115 requires that "[n]o lot shall be so reduced in size that the lot size, frontage, coverage, setbacks, or other requirements of these regulations shall be smaller than herein prescribed for each district." (Emphasis added). At the present time the parcel complies with the frontage requirements for each district. That is, the commercial uses are in the C-1 portion of the lot, and they have the required frontage in the C-1 district as well. Unless a variance can be obtained from this provision[2], the subdivision cannot be approved as proposed because it would violate §25.115. It would reduce the lot size so that the frontage required for the commercial use in the C-1 district would be smaller than that prescribed for the C-1 district.

Accordingly, based on the foregoing, the City's Motion for Summary Judgment is GRANTED and Appellant's Motion for Summary Judgment is DENIED. The proposed subdivision does not meet the standards for approval under the Zoning Regulations. This decision concludes the matter in this Court.

Done at Barre, Vermont, this 11th day of September, 2000.

_____
Merideth Wright
Environmental Judge

---

[2] It is possible that the proposed lot could be shown to meet the variance requirements, but such an application is not before the Court.

4