STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Palmer Lane (Lavanway) Development | } | Docket Nos. 219-10-05 Vtec |
| (Appeals of Rowe and Banschbach) | } | and 249-11-05 Vtec |
| | } | |

Decision and Order on Motion to Dismiss and Cross-Motions for Summary Judgment

Appellants James Rowe and Valerie Banschbach appeal from two decisions of the Development Review Board (DRB) of the Town of Jericho, approving Cross-Appellant-Applicants (Applicants) Michael and Janet Lavanway[1]'s applications for development of two new house lots and to improve an existing thirty-foot-wide access right-of-way serving the proposed house lots on property at 90 Palmer Lane. Appellants are represented by David W.M. Conrad, Esq.; Cross-Appellant-Applicants are represented by Roger E. Kohn, Esq.; and the Town is represented by Gregg H. Wilson, Esq.

Renewed Motion to Dismiss

Applicants have renewed their motion to dismiss the appeal as untimely, because Appellants filed their appeal from the Zoning Administrator's decision at the Town offices instead of directing it to the "secretary of the development review board," as required by 24 V.S.A. §4465(a). We need not reach Appellants' estoppel argument that it was the Zoning Administrator who directed them to file the appeal at the Town offices, as filing a timely appeal in the incorrect location does not render it untimely.

Uniformly, the procedural rules adopted by the Supreme Court for appeals to it

---

[1] We use the spelling used in Applicants' memoranda and affidavit; the name also appears in some other documents as LaVanway.

1

(V.R.A.P. 4), for appeals to Superior Court from decisions of administrative agencies (V.R.C.P. 74(b)), and for appeals to Environmental Court (V.R.E.C.P. 5(b)(1)) provide that if a notice of appeal is mistakenly filed in an incorrect location within the appellate system, the receiving clerk is directed to note the date the notice was received and to forward the notice to the tribunal or court at which it should have been filed. Such an incorrectly-filed notice is deemed to have been filed on the date on which it was first received at the incorrect location. See also, Mohr v. Vill. of Manchester, 161 Vt. 562, 563 (1993) (mem.) (applying the V.R.A.P. 4 rule to a zoning appeal to superior court, prior to the addition of the rule to V.R.C.P. 74(b)). These rules are consistent with the preference of the judicial system that cases should be decided on their merits if possible. See, e.g., Shahi v. Ascend Financial Servs., Inc., 2006 VT 29, ¶3, n.1; Desjarlais v. Gilman, 143 Vt. 154, 158-159 (1983); and V.R.E.C.P. 1 ("a full and fair determination."). To the extent that we even reach the question of the timeliness of the appeal from the Zoning Administrator to the DRB (see entry order dated December 23, 2005), its filing at the Town offices did not render it untimely.

Motions for Summary Judgment

The following facts are undisputed unless otherwise noted. Applicants own an 89-acre parcel of land in the Agricultural zoning district. Its easterly boundary is the Jericho-Underhill town line. Appellants own a five-acre parcel of land bounded on the west by Palmer Lane, a town road, and on the east by Applicants' property. A six-acre parcel of land, property of Connelle, is located northerly of Appellants' property, also bounded on the west by Palmer Lane and on the east by Applicants' property. Palmer Lane turns in a northerly direction along the westerly boundary of the Connelle property, ending at Applicants' property.

Applicants have potential access to their property by Palmer Lane, although that

2

access is not developed with a driveway and would not be as convenient for their present purposes as the developed driveway that is disputed by the parties. Applicants have developed a driveway or roadway over a disputed thirty-foot-wide right-of-way running along the easterly boundary of Appellants' property, between parallel stone walls. This right-of-way is the subject of litigation[2] between Appellants and Applicants that was decided in Applicants' favor by the Chittenden Superior Court in Docket No. S1159-02 CnC and at present is on appeal to the Vermont Supreme Court as Docket No. 2005-043.

Applicants intend to provide a house lot divided from their land to each of their three children for the construction of residences. Two of these proposed lots (shown as Lot 1 and Lot 3 on the reduced-size diagram of the proposed subdivision filed with the Court by Applicants on January 4, 2006) are the subject of the present application and appeal. Proposed Lot 1 is 3.26 acres in area; proposed Lot 3 is 1.89 acres in area. Both proposed lots are proposed to be served by the disputed right-of-way; however, access to the proposed lots from the end of Palmer Lane is also possible, if necessary. Applicants propose conveying each lot to one of their children in good faith for that child's use as a primary residence for the foreseeable future.

Article I, §3(21) of the Subdivision Regulations provides that the definition of "subdivision" does not apply in the case of "a subdivider or applicant who conveys a parcel of land from a larger parcel owned by the subdivider or applicant to his child or children or parent(s) for their own residence in accordance with Section 104(2) of the Jericho Zoning Regulations." By this language, the Subdivision Regulations incorporated

---

[2] That litigation addresses questions of which of the parties owns the land lying under this right-of-way; what is the extent of Applicants' allowed use of this right-of-way, if any; and whether those rights had been terminated or extinguished by adverse possession.

3

by reference into Article I, §3(21) the then-existing text of §104(2) of the Zoning Regulations. McLaughry v. Norwich, 140 Vt. 49, 52-53 (1981). At the time that this section was adopted, §104(2) of the Zoning Regulations provided in full that:

> If the owner of a parcel of 25 acres or more lawfully divides the same into two or more lots of at least 1 acre each, any such lot will be exempt from the applicable dimensional requirements provided: (a) it is acquired by one or more of the owner's children or parents (or is retained by the owner) in good faith for the purpose of using it for their own residence for the foreseeable future, (b) the new (or retaining) owner does not develop such lot for any other purpose, and (c) any development for such purpose shall be subject to the applicable minimum front yard depth requirement and – to the extent that it adjoins land not constituting part of the original parcel – shall be subject to the applicable minimum side and rear yard requirements.

The fact that the Zoning Regulations have since been amended has no effect on this incorporation by reference. McLaughry v. Norwich, 140 Vt. at 52; and see Erie County v. Flacke, 80 A.D.2d 954, 955, 438 N.Y.S.2d 18, 20 (3d Dept. 1981).

In any event, the text of this section has been carried forward essentially intact in §302 of the present Zoning Regulations, entitled "Dimensional Controls." Present §302.1.4 exempts certain family subdivisions from the otherwise-applicable dimensional requirements. Section 302.1.4 contains a statement of the policy behind its adoption, as well as restating the three criteria that an applicant must meet to obtain the exemption. It provides in full that:

> Originally an effort to help preserve family farms, this section exempts certain parcels (those 25 acres or larger) from subdivision dimensional requirements (but not subdivision review), allowing smaller than minimum lot sizes in order to preserve agricultural land and open space. If the owner(s) of record on the effective date of these regulations, or a surviving co-owner, of a parcel of 25 acres or more[,] lawfully divides the same into two or more lots of at least one acre each, any such lot will be exempt from the applicable dimensional requirements provided: (a) it is acquired by one or more of the owner's children or parents (or is retained by the owner) in good faith for the purpose of using it for their own residence for the

4

foreseeable future, (b) the new or retaining owner does not develop such lot for any other purposes, and (c) any development for such purpose conforms to the applicable minimum front yard depth requirement and, to the extent that it adjoins land not constituting part of the original parcel, shall be subject to the applicable minimum side and rear yard requirement.

Zoning and subdivision ordinances are to be interpreted using the general rules of statutory construction, looking first to the plain meaning of the ordinance and bearing in mind that the paramount goal is to give effect to the legislative intent. In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶6. Like statutes, municipal regulations that are part of the same overall scheme must be construed in pari materia. In re McCormick Mgmt. Co., 149 Vt. 585, 592 (1988).

Appellants argue that §302.1.4 of the Zoning Regulations conflicts with Art. I, §3(21) of the Subdivision Regulations. However, these two sections easily can be harmonized so that both can be given effect in the overall regulatory scheme, especially in light of the explanation of the underlying purpose of these sections found in §302.1.4 of the Zoning Regulations. Section 302.1.4 of the Zoning Regulations merely imposes certain requirements on family subdivisions for them to be exempt from the stated dimensional zoning requirements, while Art. I, §3(21) of the Subdivision Regulations may also exempt such family subdivisions from further review under the Subdivision Regulations. Compare In re Taft Corners Assocs., 171 Vt. 135, 137-38 (2000).

It is possible for a family subdivision proposal to meet the exemption from the Subdivision Regulations, and yet to fail to meet the exemption from dimensional requirements in the §302.1.4 of the Zoning Regulations. For example, a family subdivision proposal could be made in good faith at the time the subdivision itself is approved, and nevertheless could fail to meet the exemption from dimensional requirements in §302.1.4 of the Zoning Regulations when zoning permits are later sought for the house construction, if by that time the property has passed out of the family or is proposed to be used for other

5

than the exempt purposes.

In the present appeal, Applicants' parcel is greater than 25 acres in area. Applicants propose to convey, to each of two of their children, a greater-than-one-acre lot in good faith and for the purpose of using it for that child's own residence for the foreseeable future. Each of the proposed lots contains enough area to allow a building envelope that conforms to the applicable minimum 35-foot front yard setback requirement and to the minimum 25-foot side and rear yard setback requirement on the sides of the lots adjoining land not constituting part of Applicant's original parcel (prior to the proposed subdivision). Zoning Regulations §302.8.

Therefore, under Art. I, §3(21) of the Subdivision Regulations, Applicants' proposal is exempt from subdivision review, and, under §302.1.4 of the Zoning Regulations, Applicants' proposal is also exempt from the subdivision dimensional requirements. It is exempt from the minimum ten-acre lot size that would otherwise be applicable in the Agriculture zoning district, and from the double-minimum lot size that would otherwise be required for a back-land lot under §302.6 of the Zoning Regulations.

Section 302.6 of the Zoning Regulations prescribes standards for the development of so-called back-land lots, that is, lots without the amount of frontage on a public road otherwise required by §302.8 of the Zoning Regulations. While Applicants' proposed lots are exempt from the lot size requirements, they must nevertheless meet the other requirements of §302.6 that they either have a minimum of 50 feet of frontage on a public road, or that they have access to a public road "by means of a 30-foot [wide] right-of-way that serves as the required access to no more than four lots without frontage." As provided in §302.5.1 and the state statute (now 24 V.S.A. §4412(3)), that right-of-way must be a "permanent easement or right-of-way;" it must be at least thirty feet wide under the Zoning Regulations (and at least twenty feet wide under the state statute). There is no specific requirement for the width of the traveled way within that right-of-way. Nothing

in the municipal regulations or the state statute requires the owners of land burdened by a right-of-way to be co-applicants for or otherwise consent to the application for a subdivision to be served by the right-of-way. See Zoning Regulations §§ 703 and 704; Subdivision Regulations Art. I, §3(20); and see, e.g., In re: Appeal of O'Rear, et al., Docket No. 2-1-00 Vtec (Vt. Envtl. Ct., May 15, 2001).

Material facts are in dispute, or at least have not been provided to the Court, regarding whether the public right-of-way of Palmer Lane is at least fifty feet wide where it meets the boundary of Appellants' retained land parcel. If it is, and if Applicants were to provide a thirty-foot-wide alternate[3] right-of-way to the two proposed lots over their retained land, then we would not need to reach the question of the width of, or rights to, the disputed right-of-way along the southerly side of Appellants' property.

However, until their argument on summary judgment, in the present application Applicants have proposed to provide access to the two proposed lots only over the disputed right-of-way. The present appeal must therefore address whether Applicants have met or will be able to meet their burden to show that the two proposed lots are served by a permanent easement or right-of-way at least thirty feet in width.

The mere fact that the parties have disputed the existence and scope of the right-of-way all the way to the Vermont Supreme Court does not preclude Applicants from applying for approval of the proposed subdivision. On the other hand, the mere fact that Applicants won before the Superior Court, does not in and of itself conclude the question of whether Applicants can meet their burden in this Court to show that the proposal has the access as required by the municipal regulations and the state statute. Summary judgment must be denied to both parties; material facts are disputed regarding the access

---

[3] We do not here address whether actual driveways to the two proposed lots may be established or maintained on the disputed right-of-way, if Applicants were to reserve the requisite legal right-of-way from the end of Palmer Lane over the retained land.

7

from the proposed lots to Palmer Lane.

We note that this Court has no jurisdiction to determine the width of, or the parties' respective rights to, the disputed right-of-way. Rather, we will determine from the evidence presented <u>de novo</u> in this appeal only whether Applicants have met their burden to show they have the requisite access to the two proposed lots. See, <u>e.g.</u>, <u>Appeal of Cole</u>, Docket No. 174-10-01 Vtec (Vt. Envtl. Ct., May 12, 2003 and Sept. 16, 2002); <u>Appeal of Monty</u>, Docket Nos. 7-1-04 Vtec and 47-3-04 Vtec, slip op. at 6-7 (Vt. Envtl. Ct., Jan. 24, 2006).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that:

1)      Applicants' cross-motion for summary judgment in Docket No. 219-10-05 Vtec and motion to dismiss in Docket No. 249-11-05 Vtec are DENIED, as Appellants timely filed their notice of appeal from the zoning administrator's action.

2)      In Docket No. 219-10-05 Vtec, both motions for summary judgment are DENIED in part and GRANTED in part, in that proposed Lots 1 and 3 are exempt from subdivision review pursuant to Subdivision Regulations Art. I, §3, ¶21 and are exempt from the minimum lot size imposed by Zoning Regulations §302.1. Proposed Lots 1 and 3 must satisfy the requirements of Zoning Regulations §302.6, but are exempt from the minimum lot size requirement of that provision.

3)      In Docket No. 249-11-05 Vtec, Applicants' motion for summary judgment on the merits of the present application is DENIED, as material facts are in dispute as to the disputed right-of-way. This denial is without prejudice to the parties' submission of evidence on the merits of the disputed right-of-way or as to any alternate right-of-way claimed to satisfy the requirements of the regulations.

A telephone conference has been scheduled for June 19, 2006 (see enclosed notice), to

discuss the remaining issues in these appeals and their scheduling for trial.

Done at Berlin, Vermont, this 30th day of May, 2006.

_____

Merideth Wright
Environmental Judge